HOBBS, Applicant-Appellant, v. BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, and FRIGIDAIRE DIVISION, General Motors Corporation, Defendants-Appellees.

Ohio Appeals, Second District, Montgomery County.

No. 2246. Decided November 23, 1953.

'Raymond S. Caulfield, Dayton, for applicant-appellant.

C. William O'Neill, Atty. Genl.. James W. Hardwick. Asst. Atty. Genl., Columbus, for Board of Review, Bureau of Unemployment Compensation, State of Ohio, Defendants-Appellees.

Cowden, Pfarrer & Crew, Dayton, for Frigidaire Div., General Motors Corporation, Appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court affirming a decision of the Board of Review. Bureau of Unemployment Compensation. disallowing appellant's application to institute further appeal from the decision of a Referee. The facts necessary to an appreciation of the question presented are, that the appellant was in the employ of Frigidaire Division of General Motors Corporation, Dayton, Ohio, as a punch press operator, from January 12, 1948 to July 27. 1951. On the latter date. she was laid off. Thereafter she made application to the Bureau for benefits under the Unemployment Compensation Act, and her

claim was allowed. Thereupon, the employer appealed and upon appeal, the order of the Administrator was affirmed. This condition was maintained until November 29, 1951, when the Division Controller of the Social Security Department of applicant's employer wrote to the Bureau, in which it was stated that "claimant was interviewed 11/26/51. Stated she was not interested in job offered at the present time." Thereafter, on the 10th of December, 1951, the applicant made her statement to the Bureau of November 29, 1951. In that letter she stated, among other things, that she had had about five years factory experience all together, and no experience in other work, and that since unemployed, she had not looked for work other than factory work; that she was offered a temporary job at Sears, Roebuck, through Ayers and Vogt; that she did not want the job because it would not pay her enough to enable her to care for her two children.

Upon these facts the Administrator, on the 10th of December, 1951, decided that the claimant had refused an offer of suitable work without good cause, because not conforming to §1345-6-3 (2) GC of the Ohio Unemployment Compensation law.

The section upon which the administrator relied at the time of his decision read "has refused to consider an offer of work for which she is reasonably fitted, or has refused to accept a referral to a job opportunity when directed to do so by a local employment office of this state or another state." From this decision the applicant appealed to the Board of Review of the Bureau.

A Referee was appointed and the appeal came on for hearing, appellant and the employer being represented by counsel. At the hearing no witness was examined except the applicant. At the conclusion of the hearing, the Referee decided that the order of the Administrator was not based upon the applicable section of the Unemployment Compensation Act because it did not appear that the referral of the applicant to a job was made by "a local employment office of this State or another State." However, the Referee continued and concluded that "during the week ending December 1, 1951, the applicant was not fully available for and actively seeking work within the meaning of the law and is not entitled to benefits for that week, and thereafter, until such time as she proves to the satisfaction of the Administrator that she does meet this and all the other requirements of the law and regulations." The Board of Review refusing to disturb the decision of the Referee, the applicant noted her appeal to the Common Pleas Court. On this appeal three errors were assigned.

1. That the decision of the Referee is contrary to the manifest weight of the evidence.

2. That the decision of the Referee is contrary to law.

3. That the decision of the Referee is unreasonable.

On the appeal the Common Pleas Court found against the contention of the appellant and affirmed the decision of the Board of Review.

On the appeal to this Court, appellant assigns the same grounds of error as in the Common Pleas Court and propounds five queries which it is contended are presented for determination.

"1. When the administrator makes a determination on one set of facts, does a referee have a right, on appeal on that set of facts, to reverse the administrator on that issue and proceed to make a finding on another set of facts, which were not in issue?"

As we interpret the finding of the Referee, it is based upon substantially the same facts presented to the administrator from which the referee draws a different conclusion of law.

"2. Does the determination of the administrator on one issue raise a presumption that the claimant is eligible for benefits on other grounds when no appeal is taken from said determination on any other issue?"

'"3. If no such presumption is raised in favor of the claimant, does the referee of the Board of Review comply with the requirement of a fair and impartial hearing, when he seeks no evidence pertaining to active search for work in the week in question and then proceeds to bar the claimant from benefits because of the absence of such evidence."

"4. Does the burden of proof as established in the case of **Shannon v. Bureau of Unemployment Compensation, 155 Oh St 53,** apply to the facts as set forth in the instant case?"

We hereinafter discuss the developments in this case as they may have application to the 2nd, 3rd and 4th queries propounded.

"5. Must a claimant be available for work without limitation in order to be eligible for benefits under the Unemployment Compensation law of Ohio?"

Of course, there are limitations upon the work for which an applicant may be held available. The question is answered by §1345-6 a (4) GC that the applicant "is able to work and available for work in his usual trade or occupation, or in any other trade or occupation for which he is reasonably fitted:" and we have held that "reasonably fitted" means that the applicant is so qualified by reason of training and experience **The Brown-Brockmeyer Co. v. Board of Review, Bureau of Unemployment Compensation, 70 Oh Ap 370.**

The authority and obligation of a referee on an appeal from a decision of the administrator is set forth in §1346-4 GC, namely; "a referee shall, after affording the parties reasonable opportunity for a fair hearing, affirm, modify or reverse such findings of fact and the decision of the administrator or deputy as to him shall appear just and proper." The appeal is to findings of fact, taken together with the decision, and is de novo; but the appeal is from the findings of fact as they are made, as well as from the decision thereon. In this case, the issue of fact at all times was restricted to the conduct of the applicant respecting the transaction which took place between the applicant and Ayers and Vogt when on November 26, 1951 she answered their notice to call at their office. The administrator interpreted this occurrence as a referral by the employment agency, Ayers and Vogt, of the appellant to a proposed job with Sears, Roebuck An examination of the testimony is convincing that it was more than a referral It was a tender by Ayers and Vogt of a job at Sears, Roebuck. Early in the examination of applicant before the referee she said that Ayers and Vogt did not offer her a job. Thereafter, she said that they did not give her any referral card, or send her over to Sears, Roebuck, and this question was put and answer made:

"Q. Did they say they could get you a job, or would refer you to a job at Sears, Roebuck?

"A. Well, they would get me a job."

There are two significant developments in the record as is found in the files of the case before the Bureau, and in the record of the testimony before the referee.

(1) At all times it clearly appears that the experience of the applicant was confined to work in a factory at a punch press She had had no experience whatever in clerking in a retail store, she was hard of hearing, and it is indeed doubtful if she was qualified by training and experience to meet the requirements of such a job as the meager testimony regarding it discloses.

However, we would not be disposed to disturb the finding of the administrator and the referee that she was qualified to accept the position to which she was referred because of the right of these officials to weigh and determine the evidence.

(2) Before the administrator, and in the testimony of the applicant before the referee, it is developed without dispute or contradiction that as a prerequisite to the acceptance of the job by the applicant, she was expected to yield any seniority that she had attained by reason of her employment with Frigidaire. The refusal of the applicant to accept the job at Sears, Roebuck cannot be reconciled upon any other

theory than that one of the reasons therefor was the condition that she waive her seniority. It is significant that none of the particulars was developed as to the duties which would be required of the applicant if she accepted the employment tendered. It is obvious that that point was not reached in the negotiations.

"Q. 13. Did they attach any conditions to the referral?

"A. Well, they wanted to know if I would relinquish my seniority.

"Q. 20. You said something about your seniority, will you explain that a little bit further to the referee?

"A. Well, if I would give up my senority at the Frigidaire, they could give me a job at Sears, Roebuck.

"Q. 23. Did you tell them you would give up your seniority at Frididaire?

"A. No."

On page 6, the referee asked the applicant this question:

"Mrs. Hobbs, did they discuss the job with you any further after you said you would not give up your seniority?

"A. No.

"Q. I suppose that was about the first question they asked, was that it?

"A. Yes.

"Q. How much seniority do you have at Frigidaire?

"A. From January 12, 1948. Practically four years."

As we have said, this testimony of the applicant is not contradicted, and must stand as the truth. Whether or not such a condition could be enforced is not germane. If this testimony was not in accordance with the facts as contended by the employer, it should have been refuted. It is manifest that it weighed heavily with the applicant in making her decision not to accept the tender of the job. There no doubt were other reasons which she indicated, and which must have been speculative, because at no place does the compensation that she was to receive appear.

We are of the opinion that the condition attached to the tender of the job to the applicant was unreasonable and that the refusal of the applicant under this situation precludes the determination made by the Administrator, the Referee and the Board of Review.

The finding of the Common Pleas Court that the decision of the Referee was not unlawful, unreasonable nor against the manifest weight of the evidence is not supported by the record. The errors assigned are well made. The judgment will be reversed and the cause remanded for further proceedings according to law.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

ON APPLICATION FOR REHEARING

No. 2246.   Decided January 14, 1954.

**OPINION**

By THE COURT:

Submitted on application for rehearing for which three grounds are assigned.

We have again examined our original opinion and are satisfied that we had full appreciation of the facts developed and the questions of law presented, and that we have reached the proper conclusion.

The application will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.