Smith Unemployment Compensation Case.
Smith, Appellant, *v.* Unemployment Compensation Board of Review.

Argued April 20, 1959.   Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*Bernard N. Katz,* with him *Meranze and Katz,* for appellant.

*Anne X. Alpern,* Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *David C. Harrison,* Deputy Attorney General, for Unemployment Compensation Board of Review, appellee.

*Samuel A. Schreckengaust, Jr.,* with him *McNees, Wallace & Nurick,* for employer, intervening appellee.

*Sidney G. Handler,* for interested person, under Rule 46.

OPINION BY MR. JUSTICE COHEN, July 24, 1959:

Lois Rainbow Smith, the appellant, was a chocolate picker employed by appellee, Hershey Chocolate Corporation (Company). Company had a health policy which forbade female employees from continuing at work beyond their fifth month of pregnancy. The collective bargaining agreement between Local 464, American Bakery and Confectionery Workers' International Union AFL-CIO (Union) and the Company made reference to the "Employees' Manuel" which contained the pregnancy provision as one of the plant

safety rules. This was the only reference to this provision.[1]

When appellant reached her sixth month of pregnancy, her employment was terminated although she desired to continue to work. She then filed a claim for unemployment compensation which was granted by the Unemployment Compensation Bureau and affirmed on the Company's appeal to the referee. After an appeal by Company to the Board of Review, the referee's decision was, at first, affirmed and, later, reversed. Appellant appealed to the Superior Court which affirmed the decision of the board and held that appellant had accepted the Company policy as a condition of employment and hence her employment was voluntarily terminated. Appellant then petitioned this Court for the allowance of an appeal which was granted.

The sole question raised by this appeal is basically the same one which we resolved in *Gianfelice Unemployment Compensation Case*, 396 Pa. 545, 153 A. 2d 906 (1959), where we held that a collective bargaining agreement could not abrogate any rights which accrue to an employee from the legislative mandate expressed in the Unemployment Compensation Law.

In this case, it is not clear whether the company policy of not employing women after the fifth month of pregnancy was a contractual part of the collective bargaining agreement or whether it was a private agreement between the appellant and Company; however, this is immaterial. As we pointed out in the *Gianfelice* case; "Where a statute of the Commonwealth expresses a public policy designed to alleviate a condition of possible distress among the public or a segment thereof

---

[1] Section 18 of the collective bargaining agreement refers to an Employees' Manual being distributed to all employees. The latest edition of this manual notes that women will not work past the fifth month of pregnancy.

560

and *explicitly proscribes waiver of the benefits of the act,* no private agreement, however valid between the parties, can operate as such a waiver." Additionally pertinent here is the fact that the legislature has stated that a woman shall be "conclusively presumed to be unavailable for work . . . after seven and one-half months of pregnancy. . . ." Act of August 24, 1953, P.L. 1397, §3, as amended 43 P.S. §801(d) (1955) (pocket pts.). It appears from this expression of policy that until the end of seven and one-half months a claimant's inability to work must be proved in order to deny her compensation. There was no evidence in the record of her inability to work. Here, although the pregnancy provision is a binding condition of employment, it cannot in any way thwart the appellant's right to unemployment benefits. The appellant was willing and able to work; and when her employment was discontinued, it was against her will. Therefore, she did not "voluntarily leave" work as far as her state-granted employment benefits are concerned.

Judgment reversed.

Mr. Justice Bell dissents.

Mr. Justice McBride took no part in the consideration or decision of this case.