LEACH, ADMR., ETC., PLAINTIFF, *v.* STATE OF OHIO, BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION, DEFENDANT.

Common Pleas Court, Cuyahoga County.

Nos. 756145 and 753466.   Decided March 13, 1962.

*Mr. Mark McElroy,* attorney general, by *Mr. A. L. Greenspun,* assistant attorney general, for the plaintiff.
*Mr. Mark McElroy,* attorney general, by *Mr. Walter Stepanek,* assistant attorney general, for the defendant.

JOSEPH H. SILBERT, J. These two cases are before the Court on the appeal of the Administrator of the Bureau of Unemployment Compensation from the decision of the Board of Review disallowing the claims. The Administrator, having allowed the claims, is an interested party and properly may appeal to this Court.

The basic facts in each case are similar and are not in dispute.

The claimant in case No. 756,145, Helen Dallas, was employed by the Great Atlantic & Pacific Tea Company, Inc., (hereinafter referred to as the A & P) as a cashier.

The claimant, while in her third month of pregnancy, suffered complications and was absent from work for approximately three weeks during part of which time she was hositalized. Thereafter, she returned to work with the consent of her own physician, but the employer thought it prudent to require a physical examination by its physician. After examining her, the employer's doctor, being of the opinion that she was "a poor risk," recommended that she not be permitted to return to work. The A & P refused to permit her to work; and upon the advice of her union and her employer, she applied for and was granted a pregnancy leave of absence pursuant to the provisions of the collective bargaining agreement between the employer and the union. She filed a claim for unemployment compensation and contacted four prospective employers during the benefit week applied for. The claim, which was opposed by the employer, was allowed by the Administrator who re-affirmed his decision on reconsideration and was further affirmed by the Referee appointed by the Board of Review of the Bureau of Unemployment Compensation. The Board of Review, upon appeal, reversed the Referee's decision, one of the three members dissenting, because it was of the opinion that the claimant having requested and received a leave of absence continued in the employment relationship with the A & P and was not available for suitable work as required by Section 4141.29(A)(4), Revised Code.

The claimant in case No. 753,466, Alva J. Martin, was employed by the Cleveland-Sheraton Corporation, the owner of the Sheraton-Cleveland Hotel in Cleveland, Ohio (hereinafter referred to as the Hotel), as a waitress in one of the Hotel dining rooms. The manager, upon learning that she was in an early stage of pregnancy, told her that she could not continue working because her appearance was unseemly, and pursuant to his instruction, she requested and was granted a leave of absence. She applied for unemployment compensation and stated in connection therewith that she could work only in the evenings since she had to take care of her children during the day. She contacted three prospective employers during the benefit week but was not given work. The employer opposed the application; and the Administrator, after denying the claim at the original hearing, allowed it upon reconsideration. Upon appeal, the Referee appointed by the Board of Review denied the claim for the reason that the claimant was not available for suitable work in that she was willing to work only in the evening. The Board of Review with one member dissenting modified the decision of the Referee and held that the claimant having requested and received a leave of absence remained in the employment of the Hotel and was not available for suitable work.

The issue common to both of these cases is whether the decision of the Board of Review is, as the Administrator contends, unlawful, unreasonable and against the manifest weight of the evidence.

Section 4141.29(A)(4), Revised Code, which was relied upon by the Board in arriving at its decision, provides, insofar as it is pertinent, as follows:

"*Section 4141.29, Revised Code. Eligibility for benefits.*

"Each eligible individual. . .

" (A) No individual is entitled to a waiting period or benefits for any week unless he:
" * * *

" (4) Is able to work and is both available for suitable work and making such efforts to obtain suitable work as the administrator may require, . . . ."

Among the rules promulgated by the Administrator under

the authority of Chapter 4141, Revised Code, is Rule No. 412.2, which provides, insofar as is pertinent, as follows:

"While each claim must be determined under the law on its own merits, generally an individual who is on leave of absence is considered as having voluntarily removed himself from the labor field and is not entitled to waiting period or benefits until the expiration or termination of such leave of absence. . . ."

A rule of an administrative agency ". . . issued pursuant to statutory authority, has the force and effect of law unless it is unreasonable or is in clear conflict with statutory enactment governing the same subject matter." *Kroger Grocery & Baking Co.* v. *Glander*, 149 Ohio St., 120 (1948) at page 125.

Rule 412.2 ostensibly was adopted by the Administrator in recognition of the fact that a leave of absence is commonly taken by an employee upon his own initiative with the intention of suspending his employment during the priod of the leave. It is apparent from the cautious language used that the Administrator did not intend to establish a conclusive presumption by the rule. The rule not being unreasonable nor clearly contrary to law is binding upon this Court and the Board of Review, not only as to the extent of its prescriptions but also as to the manner in which it is to be applied.

The undisputed evidence in each case shows that the claimant requested the leave of absence only after she was advised that her employment would be terminated.

This Court has not found any Ohio case dealing with this situation, but it has been held in other jurisdictions that an employee who has been laid off from work because she was pregnant and placed on a leave of absence and not voluntarily ceased work and was entitled to unemployment compensation. *Smith* v. *Board of Review*, 396 Pa., 557 (1959); *Myerson* v. *Board of Review*, 43 N. J. Super., 196 (1957).

This Court concurs and is of the opinion that both of these claims differ on their facts from the leave of absences that are generally requested and that the findings of the Board of Review to the effect that each of the claimants had voluntarily removed herself from the labor market and, therefore, was unavailable for work is unlawful, unreasonable and manifestly against the weight of the evidence.

This Court is also of the opinion that the conclusion of the

Board of Review that the claimants continued in the employment relationship is unlawful in that it is contrary to the definition of "employment" set forth in Section 4141.01 (B), Revised Code, which states that employment is "service for wages."

The foregoing disposes of the claim of Mrs. Dallas, but another issue remains to be considered in connection with the claim of Mrs. Martin, i. e., whether the statement made in connection with her application to the effect that she would work only in the evening so as to be able to care for her children during the day, which statement was again made in her testimony before the Referee, should be considered by this Court as the basis for disallowing her claim. The issue was never raised by the Hotel, and apparently was not considered by the Administrator since he makes no reference to it in his findings. It was first raised by the Referee who based his decision in disallowing the claim upon it.

No further testimony was had before the Board of Review, and the Court is unable to determine from the decision of the Board whether it considered the issue.

Although the whole record is before the Court on review, *Chesapeake & Ohio R. R.* v. *Public Utilities Commission,* 163 Ohio St., 252 (1955), Section 4141.28 (N) Revised Code, clearly provides that a trial *de novo* shall not be held in the Court, and that the Court's review is limited to the decision of the Board of Review.

In the case of *Hobbs* v. *Board of Review,* 68 Ohio Law Abs., 369 (1953), the Court of Appeals of Montgomery County had before it the question of whether the Referee appointed by the Board of Review may make a finding on a set of facts which were not put in issue before the Administrator. The Court held that the Referee based its decision upon the same facts as the Administrator and so it avoided the problem that is before us. However, it made the following remarks on page 373 of the opinion which are pertinent to the matter before this Court:

"The authority and obligation of a referee on an appeal from a decision of the administrator is set forth in Section 1346-4, General Code, namely; 'a referee shall, after affording the parties reasonable opportunity for a fair hearing, affirm, modify or reverse such findings of fact and the decision of the

488

administrator or deputy as to him shall appear just and proper.' The appeal is to findings of fact, taken together with the decision, and is de novo; but the appeal is from the findings of fact as they are made, as well as from the decision thereon. . . ."

This Court agrees with the *Hobbs case* and is of the opinion that the review of the Referee should be restricted to the facts found by the Administrator.

Since the Board of Review has not indicated that it made any findings on this issue, this Court cannot review it and cannot hold that its finding which was not made was unlawful, unreasonable or against the manifest weight of the evidence.

Therefore, the claim shall be allowed for the same reasons that the claim of Mrs. Dallas is allowed; and the decision of the Board of Review in each case is reversed and judgment is hereby rendered for the individual claimants named above.