**AREA RESIDENTIAL CARE, INC., Appellee,**

v.

**IOWA DEPARTMENT OF JOB SERVICE, Appellant.**

No. 67309.

Supreme Court of Iowa.

Aug. 25, 1982.

Walter F. Maley, Blair H. Dewey and Edmund Schlak, Des Moines, for appellant.

Randal J. Nigg and Mark J. Sullivan of Reynolds, Kenline, Breitbach, McCarthy, Clemens, McKay & Nigg, Dubuque, for appellee.

Considered by HARRIS, P. J., and McCORMICK and SCHULTZ, JJ.

McCORMICK, Justice.

In this appeal we must decide the consequences on eligibility for unemployment benefits of a worker's quitting her job because of risk to her pregnancy. Respondent Iowa Department of Job Service held that claimant Wendy L. Loewen was eligible for

unemployment benefits because she left her employment for good cause attributable to her employer. Upon judicial review, the district court reversed. Because we believe claimant is disqualified from receiving benefits only during the disability caused by her pregnancy, we affirm in part and reverse in part.

Claimant worked for petitioner Area Residential Care, Inc., as a dormitory staff member in a facility providing residential care for mentally retarded adults. On some occasions staff members were exposed to disruptive behavior and were trained to defend themselves. Claimant became pregnant and respondent found, on substantial evidence, that clients kicked at her abdomen in two separate incidents subsequent to that time. She asked for an unpaid leave of absence. In support of her request she produced a doctor's report verifying her pregnancy and stating she "should work in an environment where her abdomen is not subject to trauma." The employer refused her request. Claimant then asked for transfer to work where she would not be exposed to violence. Because no openings existed, this request was also refused. Claimant then quit her employment.

The employer contended in the agency proceeding that adequate precautions would be taken to prevent claimant from being harmed. Claimant insisted these precautions would not eliminate the risk. Substantial evidence exists to support respondent's finding that claimant's duties would expose her to the risk of trauma that her doctor warned against.

The determinative question is whether, under these facts, claimant voluntarily left her employment without good cause attributable to her employer within the meaning of section 96.5(1), The Code.

This problem falls between two lines of cases discussed in *Shontz v. Iowa Employment Security Commission*, 248 N.W.2d 88, 91 (Iowa 1976). Under one line, voluntary quitting is not attributable to an employer when it is caused by an illness or disability not connected with the employment. Quitting because of disability caused by pregnancy formerly fell within this line of cases.

*See Moulton v. Iowa Employment Security Commission*, 239 Iowa 1161, 34 N.W.2d 211 (1948). The second line of cases "supports the principle that when factors or circumstances directly connected with employment aggravate or cause illness or injury to an employee which makes it impossible for him to continue in the employment, quitting for this reason is for good cause attributable to the employer, even though the employer is free from fault." *Shontz*, 248 N.W.2d at 91. Illness caused by a change in working conditions in a mental hospital exposing an employee to violent behavior of patients is an example. *See Forrest Park Sanitarium v. Miller*, 233 Iowa 1341, 11 N.W.2d 582 (1943).

In this case, claimant quit her job because of risk to her pregnancy connected with her work environment. The case is distinguishable from the *Forrest Park Sanitarium* line of cases because claimant suffered no disability from her work environment when she was not pregnant. Under *Moulton*, her pregnancy was a "voluntary condition" rather than a cause attributable to her employer. She quit because of the risk to her pregnancy, not because of risk to her general health.

We believe the problem is answered by section 96.5(1)(d), a provision which was amended to include pregnancy in 1975, modifying the *Moulton* decision. *See* 1975 Session, 66th G.A., ch. 92, § 6. Section 96.5(1)(d) provides that an individual shall not be disqualified for benefits on the ground of voluntarily leaving employment without good cause attributable to the employer if the agency finds that:

> The individual left employment because of illness, injury or pregnancy upon the advice of a licensed and practicing physician, and upon knowledge of the necessity for absence immediately notified the employer, or the employer consented to the absence, and after recovering from the illness, injury, or pregnancy when recovery is certified by a licensed and practicing physician, the individual returned to the employer and offered to perform services and the individual's regular work or comparable suitable work was not available, if so found by the

department, provided he or she is otherwise eligible.

In the present case, the department found claimant left her employment as a result of the advice of her physician. Moreover, she notified her employer within the meaning of the statute in requesting a leave of absence.

The effect is that, although claimant is not eligible for benefits during the period of her absence due to pregnancy, she will not be disqualified by her quitting from receiving benefits after termination of the pregnancy if she meets the additional requisites of the statute. Even though this puts claimant in a more disadvantageous position than if she were granted an unpaid leave of absence, it provides an incentive for the employer to give her suitable work upon conclusion of her pregnancy and assures her eligibility for unemployment benefits if the employer does not do so.

Because we hold that this case is governed by section 96.5(1)(d), we agree with respondent that claimant is not disqualified from benefits for quitting voluntarily. Her eligibility for benefits, however, is subject to the limitations in section 96.5(1)(d). Therefore we agree with the district court's decision denying benefits to the extent it is consistent with that result.

AFFIRMED IN PART AND REVERSED IN PART.