Patricia A. BUTTS, Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICE, Appellee.

No. 67732.

Supreme Court of Iowa.

Jan. 19, 1983.

Rehearing Denied Feb. 10, 1983.

Linda S. Pettit, Des Moines, for appellant.

Walter F. Maley, Blair H. Dewey, and Edmund Schlak, Jr., Des Moines, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

HARRIS, Justice.

This is a dispute over unemployment benefits which were denied for a part of the term of claimant's pregnancy and recovery. Both the agency, the Iowa department of job service, and the district court on review, determined the claimant was ineligible for benefits for the disputed period. We agree.

Claimant was employed by a Des Moines motel from January 31, 1980, until May 14, 1980. She worked full time as a maid and was paid on an hourly basis. Her job required her to lift stacks of sheets and do other bending and stooping normally associated with cleaning tasks and bed making. She was apparently pregnant when she began work. The birth of her child was expected September 7, 1980, and her doctors advised that she could work until two to four weeks before delivery if she decreased lifting and bending activity. She was told she could return to work four to six weeks after delivery, barring complications.

Claimant's employer had no other work available for the claimant that did not call for lifting and bending. Claimant experienced discomfort in April and ended her employment on May 5, 1980. She requested a leave of absence to begin in early May of 1980, then filed a claim for unemployment benefits under Iowa Code chapter 96. Section 96.5(1) provides, in material part:

An individual shall be disqualified for benefits:

1. . . . If he or she has left his or her work voluntarily without good cause attributable to his or her employer, if so found by the department. But he or she shall not be disqualified if the department finds that:

. . . .

d. The individual left employment because of illness, injury or pregnancy upon the advice of a licensed and practicing physician, and upon knowledge of the necessity for absence immediately notified the employer, or the employer consented to the absence, and after recovering from the illness, injury or pregnancy, when recovery was certified by a licensed and practicing physician, the individual returned to the employer and offered to perform services and the individual's regular work or comparable suitable work was not available, if so found by the department, provided the individual is otherwise eligible.

The employer treated her departure as a quit. Benefits were denied by the agency.

The claimant did not return and offer her services as an employee until October 12, 1980. By then she had delivered her baby and obtained a release from her doctor allowing her to work without restrictions. The employer did not offer her work again so the agency began paying benefits from that time, ruling she had then met the requalifying factors under section 96.-5(1)(d). The dispute is only over the refusal to pay benefits from May 5, 1980, to October 12, 1980.

I. Our review of the agency action is governed by the Iowa administrative procedure act, specifically Iowa Code § 17A.19(8) (1981). Principles were recited in *Cook v. Iowa Dept. of Job Service,* 299 N.W.2d 698, 700–01 (Iowa 1980).

The claimant does not dispute the agency's findings of fact; she concedes that the issue before the court is one of law. She argues that job service "acted contrary to

the federal statute" governing Iowa's unemployment compensation program. She also maintains that a number of job service rules are contrary to the federal act, although she concedes "it is not clear whether those rules were applied in this case." She contends that job service's decision (to disqualify her under the statute when an agency rule, if applied, would have qualified her) represents an unconstitutional denial of due process and equal protection.

The agency points out that the sole basis for its decision was section 96.5(1)(d). No challenged agency rule was applied to the claimant.

One rule that the claimant thinks might have been applied in her case is Iowa admin. code 370–4.26(26). That provision is one of a number which address situations where a claimant is considered to have left employment with good cause attributable to the employer. The claimant thinks this rule conflicts with 26 U.S.C. § 3304(a)(12) (the federal unemployment tax act), which states in relevant part "no person shall be denied compensation . . . solely on the basis of pregnancy or termination of pregnancy." *See Brown v. Porcher,* 502 F.Supp. 946, 957 (D.S.C.1980). Another agency rule to which the claimant points is Iowa admin. code 370–4.26(24) (another example of what constitutes leaving work for good cause attributable to the employer). These rules, however, were not relied upon by the agency; the agency decision stood solely on the statute.

The claimant attacks our decision in *Moulton v. Iowa Emp. Sec. Comm.,* 239 Iowa 1161, 1165, 34 N.W.2d 211, 213 (1948), which held that pregnancy was a "voluntary condition" rather than a cause attributable to the employer. The claimant asks us to "look again at pregnant women's eligibility for unemployment benefits . . .; counsel . . . hardly need remind the court that times, as well as the law, have changed since . . . *Moulton.*" The request is unnecessary. Section 96.5(1)(d) was amended in 1975 to include pregnancy. 1975 Iowa Acts, ch. 92, § 6. *See Area Res. Care v. Iowa Dept. of Job Service,* 323 N.W.2d 257, 258

(Iowa 1982). The 1975 amendment changed the *Moulton* decision, a fact which we acknowledged in *Area Res. Care. See* 323 N.W.2d at 258.

The agency points to three ways in which the claimant failed to comply with section 96.5(1)(d). She did not submit to the agency or employer proof of advice by her doctor to leave employment when she did. She did not submit evidence or certification of recovery from her doctor until October 12, 1980. She did not again offer her services to her employer until October 11, 1980. These failures were the sole basis for denying benefits.

■  There was substantial evidence in the record to support these conclusions and, as pointed out, the claimant does not challenge the agency's findings of fact.

■  The claimant's challenge to the agency rules does not extend to the statute. She does not argue that the statute violates federal standards. Under our holding in *Area Res. Care,* 323 N.W.2d at 258, the statute was properly applied.

II. The claimant's constitutional argument, as we understand it, is as follows. She maintains her right to due process and equal protection were violated when the agency failed to apply a rule that *might* have qualified her for benefits and, instead, applied section 96.5(1)(d) to disqualify her. She argues the agency's action was "clearly based on the implied presumption" that pregnant women cannot work, a concept that offends the federal constitution. The district court rejected the claimant's argument and so do we.

■  We find no presumption in section 96.5(1)(d) that a pregnant woman is unable to work. The legislature has merely determined not to provide maternity leaves. Pregnancy is treated as an injury or illness. If work is interrupted for reasons of maternity, it is no longer treated as a voluntary quit. She is not disqualified from benefits. For example, under the statute a woman who works until the week before delivery (leaving on her doctor's advice), and returns four weeks later (with a doctor's approval)

will then receive benefits if she is denied re-employment.

AFFIRMED.