Richard O. SALLIS, Appellant,

v.

EMPLOYMENT APPEAL BOARD, and General Mills Restaurant, Inc., a Corporation, d/b/a Red Lobster Inns of America, Appellees.

No. 88–729.

Supreme Court of Iowa.

March 22, 1989.

David R. Gault, Waterloo, for appellant.

Blair H. Dewey and William C. Whitten, Des Moines, for appellee Employment Appeal Bd.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN and ANDREASEN, JJ.

ANDREASEN, Justice.

A discharged employee may be denied unemployment insurance benefits if the employee was discharged for misconduct in connection with the individual's employment. *See* Iowa Code § 96.5(2) (1987). In this appeal, we consider whether one instance of unexcused absenteeism constitutes misconduct which justifies the denial of benefits.

I. Richard O. Sallis was employed by General Mills Restaurant, Inc., d/b/a Red Lobster Inns of America (Red Lobster), as a part-time dishwasher from January 19, 1987, until March 17, 1987, when he was discharged. On March 14, 1987, Sallis was scheduled to work the evening shift. On his way to work, Sallis experienced automotive difficulties and was unable to get to work. He called his employer and advised an assistant manager of the problem and was told to call back to advise them of the situation. Sallis did not report for work on March 14 and did not call back his employer. The next day, Sallis was called by his manager, who asked him to come to work and discuss the events of March 14. On March 17, Sallis met with the manager and, when asked for a reason why he did not call back, Sallis commented that he was more concerned about his car than his job.

The manager had not made the decision to fire Sallis prior to this meeting, but following Sallis' comment he fired him.

Sallis applied for unemployment insurance benefits and was advised by a job service deputy that he was disqualified from receiving benefits because of "conduct not in the best interest of his employer." On appeal, the hearing officer upheld the deputy's decision based upon the following conclusion:

> The claimant was discharged from his employment because of his failure to report for work on March 14 and his failure to advise his employer he would not be reporting for work when he discovered his automobile would not operate. The actions of the claimant did show a willful and wanton disregard of his employer's interest and is misconduct within the meaning of Iowa Code Section 96.5–2–a and as above defined. The disqualifying decision of the deputy is correct and shall be affirmed.

On appeal, the Employment Appeal Board affirmed the hearing officer's decision by operation of law; one member voted to affirm and one member voted to reverse. The district court affirmed the Employment Appeal Board's decision. Sallis appeals this judgment arguing that his conduct did not amount to misconduct for the purposes of denying unemployment insurance benefits.

We must determine whether, under the circumstances, Sallis's single incident of absenteeism is "misconduct" for the purpose of denying unemployment insurance benefits.

■■■ II. The principles that govern our review are well established. Our review is not de novo, but is limited to correction of errors at law. *Roberts v. Iowa Dep't of Job Serv.*, 356 N.W.2d 218, 221 (Iowa 1984). We are thus bound by the hearing officer's findings of fact if those findings are supported by substantial evidence. Evidence is substantial when a reasonable mind could accept it as adequate to reach the same findings. *New Homestead v. Iowa Dep't of Job Serv.*, 322 N.W.2d 269, 270 (Iowa 1982). We are not, however,

bound by the agency's legal conclusions, but may correct misapplications of law. *Roberts*, 356 N.W.2d at 221. If the facts and inferences fairly to be drawn therefrom are undisputed, the issue becomes one of law. *Green v. Iowa Dep't of Job Serv.*, 299 N.W.2d 651, 655 (Iowa 1980).

The claimant has the burden of proving that he meets the basic eligibility conditions of Iowa Code section 96.4 (1987). The employer has the burden of proving that the claimant is disqualified for benefits under Iowa Code section 96.5(2). 345 Iowa Admin. Code 4.25 (1987); *see also Taylor v. Iowa Dep't of Job Serv.*, 362 N.W.2d 534, 541 (Iowa 1985).

■■■ III. The claimant for unemployment benefits is disqualified if the individual has been discharged for "misconduct" as provided in Iowa Code section 96.5(2). Misconduct is defined in the Iowa Administrative Code as:

> [A] deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

345 Iowa Admin. Code 4.32(1)(a). This definition is reflective of the legislature's intent. *See Huntoon v. Iowa Dep't of Job*

*Serv.*, 275 N.W.2d 445, 448 (Iowa), *cert. denied*, 444 U.S. 852, 100 S.Ct. 105, 62 L.Ed.2d 68 (1979). Under this definition, isolated instances of negligence or errors in judgment may not be considered misconduct.

The Iowa Administrative Code also provides:

> *Excessive unexcused absenteeism.* Excessive unexcused absenteeism is an intentional disregard of the duty owed by the claimant to the employer and shall be considered misconduct except for illness or other reasonable grounds for which the employee was absent and that were properly reported to the employer.

345 Iowa Admin. Code 4.32(7). This language indicates that there is a level of unexcused absenteeism which is not excessive. Although absenteeism may be grounds for discharge, it is not necessarily misconduct under Iowa Code section 96.-5(2). *See Cosper v. Iowa Dep't of Job Serv.*, 321 N.W.2d 6, 10 (Iowa 1982) (quoting *In re Therrien*, 132 Vt. 535, 537, 325 A.2d 357, 358 (1974)).

In *Higgins v. Iowa Department of Job Service*, 350 N.W.2d 187 (Iowa 1984), we addressed the question of excessive unexcused absenteeism. We recognize that absenteeism arising out of matters of purely personal responsibilities such as child care and transportation have been held not excusable. *Id.* at 191. In determining whether the unexcused absenteeism is excessive, we considered "past acts and warnings." *Id.* at 192.

Courts are not in agreement as to whether a single instance of absenteeism constitutes misconduct. *See generally* Annotation, *Discharge for Absenteeism or Tardiness as Affecting Right to Unemployment Compensation*, 58 A.L.R.3d 674, §§ 7-8 (1974 & Supp.1988). Most courts have made this determination based on the facts and circumstances of the individual cases. Certain contributing factors have been considered in determining whether an employee's single unexcused absence constitutes misconduct. These factors include the nature of an employee's work, *see Schadler v. Job Service of North Dakota*, 361 N.W.2d 254, 257 (N.D.1985) (nurse's aid who failed to report or notify employer of absence); the effect of the employee's absence, *see Watts v. Employment Security Agency*, 80 Idaho 529, 533, 335 P.2d 533, 535 (1959) (unexcused absence resulted in shutting down entire logging operation); dishonesty or falsification by the employee in regard to the unexcused absence, *see Dunlap v. Unemployment Compensation Board*, 27 Pa.Commw. 474, 477, 366 A.2d 618, 620 (1976) (falsifying reasons for absence); and whether the employee made any attempt to notify the employer of their absence, *see Schadler*, 361 N.W.2d at 257.

None of these factors weigh against Sallis. The hearing officer made no findings that Sallis's absence caused hardship to the employer, that his position as dishwasher was indispensable to the employer, or that he had attempted to deceive the employer. Prior to March 14, Sallis was not absent or tardy. It was conceded this was an isolated instance of unexcused absenteeism. Furthermore, he promptly notified his employer of the car trouble.

IV. The agency concluded the failure of Sallis to report for work, coupled with his failure to call back his employer, established a willful and wanton disregard of his employer's best interests. The issue before us is whether the conduct of Sallis, under the circumstances of this case, can be misconduct for the purpose of denying unemployment benefits.

We conclude the March 14 conduct of Sallis cannot be considered disqualifying misconduct as defined by administrative rules. There is no substantial evidence in the record, even considering the comment made by Sallis on March 17, that would support the holding of the appeal board. We reverse the district court and remand to the district court for remand to the agency for the determination of benefits.

**REVERSED AND REMANDED.**