Rebecca M. WHITE, Plaintiff–Appellant,

v.

EMPLOYMENT APPEAL BOARD, and Buchanan County, c/o Gibbens Company, Inc., Defendants–Appellees.

No. 88–1705.

Court of Appeals of Iowa.

Oct. 5, 1989.

Joe R. Sevcik, Legal Services Corp. of Iowa, Waterloo, for plaintiff-appellant.

Blair H. Dewey and William C. Whitten, Employment Appeal Bd., Des Moines, for defendants-appellees.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Appellant Rebecca M. White appeals a trial court order affirming a decision of the

Iowa Department of Job Service finding she was discharged for misconduct and denying her unemployment benefits. We affirm.

Our review is limited to the correction of errors at law. *Henry v. Iowa Dep't of Transp.*, 426 N.W.2d 383, 385 (Iowa 1988); *Ray v. Iowa Dep't of Job Serv.*, 398 N.W.2d 191, 193 (Iowa App.1986). We are bound by the agency's findings of fact if they are supported by substantial evidence. *See New Homestead v. Iowa Dep't of Job Serv.*, 322 N.W.2d 269, 270 (Iowa 1982).

Appellant was employed by defendant-appellee Buchanan County Care Facility as a full-time medication aid. Appellant's duties included dispersing medications and charting their distribution. Appellant had difficulty with one patient's refusal to take medication. Later, appellant gave the patient the medication but failed to note the fact on the nurse's chart. Afterward, the employer interviewed the appellant about the incident. During the interview the appellant denied the situation and provided misinformation about the course of events.

At the hearing, the administrator of the facility testified as follows:

EMPLOYER: Okay. Lauren handed her a copy of a disciplinary notice that he gave her and part of that is, I think, a part of the evidence, to the fact of the violations she had made to our code of conduct in regards to an incident that had happened the night before with a resident—where she did not document anything in regards to his medication. Part of the disciplinary notice also made comment that she had called the physician and yet had not notified us and the fact that she had told him that I had given her orders to withhold medicine and that that was not true also. Becky's response during the hearing—at one point she made comment that she was going to make a late entry into the notes is why they were not written up before that, and yet she had been at work since 2:00 and had made no effort to make late entry. She had made the statement that I had told her she could withhold medicine, which was not a true statement.

Her story in regards to the incident itself and what had happened kept changing back and forth—at one time she would say he had refused his medication, at another point she said she withheld it. And because of all this, and the fact that there was no documentations made and the fact that (inaudible) really was hard to tell a story because she was telling so many different stories during the hearing itself, I had made the determination that she would be terminated.

The hearing officer found claimant's discharge was not predicated on what was done with respect to giving medication. The hearing officer found evidence, including appellant's testimony at the hearing, that appellant did not adequately explain the incident. The hearing officer determined despite appellant's knowledge of the seriousness of the matter and the opportunity to chart it later, the evidence was sufficient to cause the employer to determine appellant was not accurately reporting information. The Employment Appeal Board determined the appellant's continual denial and misinformation during the course of the interview was misconduct and modified but affirmed the hearing officer's decision. The decision was affirmed by the district court.

## I.

Appellant first contends her one instance of failing to timely record the incident is not misconduct. We need not address this issue as we do not find this was the basis for the agency's decision. The testimony of the administrator at the first hearing and the subsequent findings indicate the misconduct was not predicated on the failure to chart but was predicated on claimant's lack of candor when questioned about the incident. There is substantial evidence to support the finding claimant gave conflicting facts and misinformation to her employer about the incident. We find substantial evidence to support a finding of misconduct. *See Eaton v. Iowa Dep't of Job Serv.*, 376 N.W.2d 915, 917 (Iowa App. 1985).

## II.

Appellant next contends she was denied benefits based on conduct which was not the basis for her termination. In support of this she argues the only reason she was terminated was the failure to chart. She argues the issue of whether she gave conflicting facts and misrepresentation to her employer about the incident was not before the agency.

The hearing officer at one point in the proceeding asked:

Q. So the discharge was really based upon the alleged misrepresentation of what happened?

EMPLOYER'S ATTY: Right.

We reject claimant's argument on this issue.

The agency and the district court are affirmed.

AFFIRMED.