**Margaret E. WILLS, Appellant,**

v.

**EMPLOYMENT APPEAL BOARD and the Keokuk Convalescent Center, Inc., Appellees.**

**No. 88–861.**

Supreme Court of Iowa.

Oct. 18, 1989.

As Corrected Nov. 6, 1989.

Susan Dulek, Legal Services Corp. of Iowa, Iowa City, for appellant.

William C. Whitten and Blair H. Dewey, Des Moines, for appellee Employment Appeal Bd.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO and ANDREASEN, JJ.

ANDREASEN, Justice.

In *Ames v. Employment Appeal Board,* 439 N.W.2d 669 (Iowa 1989), we held that employees involuntarily separated from their employment are entitled to unemployment compensation benefits if otherwise qualified to receive them. We rejected an analysis which disqualifies involuntarily separated employees unless the involuntary leaving is attributable to the employer.

Here the Employment Appeal Board concluded that the claimant voluntarily quit her employment because of pregnancy and upon a doctor's advice that she should not lift more than twenty-five pounds. Because she did not leave for a cause which could be attributed to her employer, her claim for unemployment compensation benefits was denied. The district court and the court of appeals affirmed. We believe our decision in *Ames* compels a different result. We vacate the court of appeals decision, reverse the district court decision, and remand to the agency for further proceedings consistent with our opinion.

The Keokuk Convalescent Center (Center) employed Margaret Wills as a nurse's aid. Wills became pregnant in early 1987; the Center asked her to obtain a doctor's release to continue working. On March 30, 1987, Wills gave the Center a doctor's release to work subject to a twenty-five pound lifting restriction. The Center terminated the employment relationship under its policy of not providing work to any employee with a lifting restriction. The Center had adopted the policy in 1986 because of strained employee relations result-

ing from prior accommodations made for pregnant employees.

Wills filed a claim for unemployment compensation. A Job Service representative denied her claim on finding that Wills was unable to work because of her pregnancy. On appeal, a hearing officer found that Wills was able to work, but then disqualified her on finding that she voluntarily quit upon her doctor's advice, relying on our decision in *Area Residential Care v. Iowa Department of Job Service*, 323 N.W.2d 257 (Iowa 1982). The Employment Appeal Board incorporated the findings of fact and conclusions of law of the hearing officer and affirmed the hearing officer's decision. Both the district court and the court of appeals relied on our decisions in *Area Residential Care* and *Butts v. Iowa Department of Job Service*, 328 N.W.2d 515 (Iowa 1983), in affirming the agency action.

Well-established principles govern our review. Our review is not de novo, but is limited to correction of errors at law. *Sallis v. Employment Appeal Bd.*, 437 N.W.2d 895, 896 (Iowa 1989). The agency's findings of fact bind us if substantial evidence supports them. *Id.* Evidence is substantial when a reasonable mind could accept it as adequate to reach the same findings. *Id.* The agency's legal conclusions do not bind us; we are free to correct misapplications of the law. *Id.* If no one disputes the facts and the inferences drawn from them, only issues of law remain. *Id.*

■ Unemployed individuals otherwise eligible for unemployment benefits may be disqualified for benefits under Iowa Code section 96.5(1). The statute provides that "[a]n individual shall be disqualified for benefits ... [i]f the individual has left work voluntarily without good cause attributable to the individual's employer...." Iowa Code § 96.5(1). We have stated:

> The section 96.5(1) disqualification is expressly couched in terms of "voluntary" leaving. The words "attributable to the employer," which appear in this statute, serve to identify those instances in which a claimant voluntarily absent from employment may nevertheless avoid disqualification from benefits. If the facts show ... that the employee was absent involuntarily, then, under a proper interpretation of the statute, the words "attributable to the employer" simply have no application.

*Ames v. Employment Appeal Bd.*, 439 N.W.2d 669, 674 (Iowa 1989). In general, a "voluntary quit" means discontinuing the employment because the employee no longer desires to remain in the relationship of an employee with the employer. Iowa Admin.Code § 345–4.25 (1987). To establish a voluntary quit requires that an employee intend to terminate employment. *See In re Johnson*, 337 N.W.2d 442, 447 (S.D.1983).

■ No substantial evidence exists to support the agency's conclusion that Wills voluntarily quit her job. At the hearing, Wills testified that she did not quit her job. She testified that when she presented the doctor's release, the director of nursing told her she could no longer work at the Center. The testimony of another witness, Albert Pihl, supported her statements. On behalf of the Center, Katherine Scott admitted, "We—technically I guess you would have to say she did not quit her job, but we do not at this time have any—what we call light-lifting jobs for staff." She thus repudiated the only evidence of a voluntary quit presented at the hearing—her record of the event stating, "She [Wills] quits at this time."

The agency found the Center operates under a policy that employees with weight restrictions are precluded from employment. The agency also found that Wills was able to work:

> The claimant's weight restriction and work experience effectively limits her employment. However, it is not shown that the claimant's ability to work generally is so limited as to establish that the claimant is unable to work as a general principle. In consequence, it is found that the claimant is able to work.

Under similar circumstances, other courts have held that a pregnant employee who is able and available for work is entitled to unemployment compensation benefits if her employment is terminated as a result of an

employer's policy preventing her from working—her departure is not voluntary. *See, e.g., Harwood v. Employment Sec. Comm'n,* 16 Ariz.App. 64, 66–67, 490 P.2d 1192, 1194–95, 51 A.L.R.3d 247, 251–52; *Smith v. Commonwealth, Unemployment Compensation Bd. of Review,* 396 Pa. 557, 560, 154 A.2d 492, 493 (1959). *See also* 81 C.J.S. *Social Security and Public Welfare* § 229 (1977 & Supp.1989); 76 Am.Jur.2d *Unemployment Compensation* § 64 (1975 & Supp.1989); Annot., *Termination of Employment Because of Pregnancy as Affecting Right to Unemployment Compensation* § 7[a], 51 A.L.R.3d 254, 266–69 (1973 & Supp.1989).

Our holding in this case does not conflict with prior opinions which address voluntary separation from employment due to pregnancy. *See, e.g., Butts v. Iowa Dep't of Job Serv.,* 328 N.W.2d 515 (Iowa 1983); *Area Residential Care v. Iowa Dep't of Job Serv.,* 323 N.W.2d 257 (Iowa 1982). Here we are dealing with an involuntary separation from employment due to the employer's policy.

We remand to the agency for further proceedings. On remand the agency shall proceed in conformity with this opinion and shall determine the period during which Wills satisfied the eligibility requirements of Iowa Code section 96.4 and was thus entitled to benefits under the chapter.

DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED AND REMANDED.

All Justices concur except LARSON, J., who dissents.

LARSON, Justice (dissenting).

I believe the agency properly denied benefits to this claimant, albeit for the wrong reason, and should be affirmed. I agree with the majority that she did not voluntarily quit, but I do not agree that she was fired. The claims deputy concluded that Wills was not able and available for work, Iowa Code § 96.4(3), because she could not do the work. I believe that finding was correct. She worked for a convalescent home, and a large part of her job was lifting patients. Because Wills was restricted by her doctor to a twenty-five pound weight-lifting maximum, she could no longer lift patients.

This employer had a policy, dating from 1986, which provided that employees with weight restrictions could not be employed. The reason for the rule was that it had caused tension among the staff when all patient-lifting duties were shifted to other employees.

In this case, the claims deputy concluded that Wills was, under this employment rule, not able and available for work and denied benefits. On review of that decision, the hearing officer affirmed the denial of benefits—but on a different ground—that she had voluntarily quit. I believe that this was erroneous and that the hearing officer's conclusion was unsupported by the evidence. On the other hand, the hearing officer's conclusion that she was able to work and available for work was an error of law. A proper application of section 96.4(3) would require a finding as a matter of law that she was not able and available for work, because she does not even contend that she was able to perform the duties in compliance with the employer's rules.

I would affirm the agency and the district court and deny benefits.