Carilla S. RICHERS, Appellee,

v.

IOWA DEPARTMENT OF JOB SER-
VICE and Marsh & McLennan Group
Associates, Inc., Appellants.

No. 90–300.

Supreme Court of Iowa.

Dec. 24, 1991.

Alanson K. Elgar and W. Kent Thomp-
son of the Elgar Law Office, Mt. Pleasant,
for appellee.

William C. Whitten, Des Moines, for appellant Iowa Dept. of Job Service.

Patricia A. Shoff and Deborah M. Tharnish of Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Des Moines, for appellant Marsh & McLennan Group Associates.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

SNELL, Justice.

This case is on further review from the Court of Appeals. The significant issue to petitioner Carilla Richers is whether she is entitled to unemployment benefits. The legal issue involves the meaning of "misconduct," which if applicable to Richers disqualifies her from benefits. We vacate the decision of the court of appeals and affirm the district court.

■ Our review is provided by Iowa Code section 17A.19 (1991). We affirm the agency's action unless the findings of fact are unsupported by substantial evidence when the record is considered as a whole. *Hill v. Iowa Dep't of Employment Servs.*, 442 N.W.2d 128, 132–33 (Iowa 1989). On further review, our consideration is like a review of a district court's decision involving agency action. We set that out in *Henry v. Iowa Department of Transportation*, 426 N.W.2d 383, 385 (Iowa 1988), as follows:

> In reviewing a district court decision on the validity of an agency action, we decide only whether the district court has correctly applied the law. The district court itself acts in an appellate capacity to correct errors of law on the part of the agency. When we review such action by the district court, we merely apply the standards of section 17A.19(8) to determine whether our conclusions are the same as those of the district court. If the conclusions are the same, we affirm; otherwise, we reverse.

Richers was employed by Marsh & McLennan Group Associates, Inc. (MMGA), an insurance brokerage and employee benefit plan administrator, for seventeen years. She was a vice president and head of a department that administered group insurance trusts. Several problems occurred during 1987 involving incorrect bank statements, employee turnover, and a malfunctioning computer system. An audit of the department revealed errors totaling $136,000 in the trust accounts. Richers was discharged.

A job service representative approved Richers' application for unemployment benefits, holding that MMGA had not established that she was disqualified due to misconduct on the job. Her employer appealed. A hearing was held at which evidence was presented and arguments made. The administrative law judge found that Richers was discharged for negligence or irresponsibility in the management of her department and an attempt to mislead the employer by disguising that negligence. He determined that the main reason for the discharge was the discovery of the unreconciled and unbalanced group insurance trust accounts. While this problem worsened on a monthly basis, the administrative law judge found that Richers never informed any person in a position of authority during 1987. The reason, he believed, was that she feared possible damage to her career in the company. On at least two occasions, she apparently advised another vice president that there were no accounting problems in her department even though she was aware this was not the case. Also included in the hearing officer's findings was a description of the other problems encountered by Richers. Personnel shortages arose when two account coordinators left work, leaving eight of twelve relatively new employees. The computer system "crashed" on eight occasions, erasing or rendering unavailable huge amounts of data. It was necessary to manually reenter the data into the system at a cost of hundreds of working hours, attendant frustration and stress. The hearing officer concluded "it is obvious from the record that the claimant allowed her preoccupation with the billing system problems to take priority over the known problems with reconciling and balancing the group insur-

ance trusts." In determining "misconduct," the hearing officer stated:

The hearing officer is of the view that the claimant mismanaged her department. Knowing that a fiduciary relationship was being breached with regard to seventeen separate group insurance trusts, she failed over a period of months to take steps available to her to reconcile and balance those trust funds. A fiduciary responsibility is a heavy burden indeed. The claimant placed reconciliation and correction of these accounts at a lower priority than coping with the admittedly difficult job of bringing the computerized billing system on line. While errors and misappropriations accumulated over a period of months, the claimant took no steps to obtain additional help or to notify persons in authority of this growing problem, despite a potential of very serious consequences for this employer. The hearing officer believes that she chose this course of action with the intent to catch up later, and to disguise the problems in her department for purposes of minimizing potential damage to her career. Her conduct did evince a willful and wanton disregard of the employer's interest both in permitting the accumulation of errors to continue for such an extended time, negligence of such a degree of recurrence as to manifest a substantial and intentional disregard of the claimant's duties and obligations, and in concealing that fact (a willful disregard and violation of standards of behavior which the employer had the right to expect of her). Therefore, the record reflects misconduct as defined by the statute and administrative rule.

Petitioner Richers appealed to the Employment Appeal Board. *See* Iowa Code §§ 96.6(3), 10A.601 (1991). The decision of the administrative law judge was modified as follows:

It is clear from the record that claimant became overly concerned with the computerization of her department and did not fill her primary responsibilities of maintaining an audit of the deposit accounts which were fiduciary in nature.

Further, the record is clear the claimant did not properly train or hire sufficient personnel to perform these duties.

The record indicates the claimant had access to the president and vice president in case she had problems with her immediate supervisor but did not take advantage of that situation and consistently led these individuals to believe the department was in good shape.

The Employment Appeal Board concludes this is a deceptive practice by the claimant and further aggravates the situation concerning the fiduciary accounts and the lack of properly maintaining the auditing of these accounts for proper payment. Clearly, this constitutes misconduct.

As modified, the Employment Appeal Board affirmed the decision of the administrative law judge. Richers appealed to the district court. *See* Iowa Code § 96.6(3).

The district court carefully examined the record regarding the quantum of evidence necessary as a matter of law to support the agency determination. In these actions, the district court sits as an appellate tribunal and is not free to make an independent determination of the facts. *Norland v. Iowa Dep't of Job Serv.*, 412 N.W.2d 904, 908 (Iowa 1987). It is, however, charged with the responsibility of weighing the evidence to evaluate its sufficiency. In this regard, the district court found the responses by Richers to her superiors that everything in her department was all right constituted general answers to questions asked in a general fashion. It weighed as "speculative at best" the evidence that Richers attempted to cover up deficiencies in her department. There is no indication in the record that Richers was aware of the magnitude of the accounting problems or any of the specifics that were uncovered by the audit. To the contrary, the record shows that Richers alerted her employers to the problem employees in her department, which initiated the audit that revealed the discrepancies. The district court's examination of the record led to the conclusion that Richers was discharged for poorly running her department which re-

sulted in financial problems for her employer.

The district court found the record devoid of facts demonstrating Richers' poor performance was intentional. The employer's testimony offered by Richers' supervisors that they had been misled by her statements was held by the district court not to be "substantial evidence" to support disqualification for unemployment benefits. Substantial evidence is evidence that a reasonable mind would accept as adequate to reach the same findings. *Sallis v. Employment Appeal Bd.*, 437 N.W.2d 895, 896 (Iowa 1989). Based on an insufficiency of the evidence as a matter of law, the district court reversed the agency decision and remanded to the agency for computation of benefits.

The employer (MMGA) and the Job Service Department appealed. We transferred the case to the Court of Appeals. In its review of the evidence, the Court of Appeals found there was substantial evidence to support the decision of the Employment Appeal Board because Richers had the ability to manage her department. It held that it was bound by the agency finding that her management actions were intentional and therefore constituted misconduct.

█ In this analysis, an error of law occurred. There was no question raised as to Richers' abilities. When no issue was raised as to her capabilities, this factor has no bearing on whether she was guilty of misconduct and was not evidence of it. Otherwise, every capable employee who fails to perform to the employer's satisfaction, is guilty of misconduct. This line of reasoning by an employer was addressed and rejected in *Kelly v. Iowa Department of Job Service*, 386 N.W.2d 552, 555 (Iowa App.1986). In *Kelly*, the court said:

The hearing officer's reasoning also manifests an error of law. He stated that the record indicates that claimant was not unable or incapable of doing satisfactory work, and thus, the actions of claimant constitute a willful and deliberate act of misconduct on his part. The hearing officer accepted as substantive proof the subjective conclusion of the superintendent, Jensen, that since Kelly was a capable worker he must be guilty of misconduct when he failed to perform to Jensen's satisfaction. The superintendent's subjective conclusion, if accepted as substantial proof, would eviscerate the Employment Security Act. Every employer could defeat an unemployment claim by merely testifying that an employee was capable, didn't do the job to the employer's satisfaction, and was therefore guilty of misconduct. The employer's subjective judgment is proof of dissatisfaction, but, without more, is not proof of misconduct. It is for the fact finder to determine if the quantum of evidence adds up to a proof of misconduct. The hearing officer should not accept as a given that an employer's subjective standards set a measure of proof necessary to establish misconduct.

█ Our review is not de novo, but at law. *Green v. Iowa Dep't of Job Serv.*, 299 N.W.2d 651, 655 (Iowa 1980). Review must be taken from final agency action. Iowa Code § 17A.19(1). That action, in this case, is not the administrative law judge's decision, which is merely proposed agency action. It is the decision of the Employment Appeal Board, which modified his proposed decision. *See* Iowa Code § 17A.15(3); *Jackson County Pub. Hosp. v. PERB*, 280 N.W.2d 426, 434 (Iowa 1979).

On the issue of misconduct we review as on other issues, applying the substantial evidence test to the entire record. *Iowa State Fairgrounds Sec. v. Iowa Civil Rights Comm'n*, 322 N.W.2d 293, 295 (Iowa 1982).

█ The employer has the burden of proving misconduct. *Billingsley v. Iowa Dep't of Job Serv.*, 338 N.W.2d 538, 540 (Iowa 1983). Failure in good performance as a result of inability does not rise to the level of culpability sufficient to be deemed disqualifiable misconduct. *Henry v. Iowa Dep't of Job Serv.*, 391 N.W.2d 731, 735 (Iowa App.1986). Because inability or incapacity to perform well is not volitional, it cannot be deemed misconduct. *Roberts v. Iowa Dep't of Job Serv.*, 356 N.W.2d 218, 222 (Iowa 1984).

The modified findings of the agency resolved into three areas of deficient performance by Richers.

1. Failure to maintain an audit of the deposit accounts which were fiduciary in nature.
2. Failure to properly train or hire sufficient personnel to perform these duties.
3. Leading the president and vice president to believe that the department was in good shape, a deceptive practice.

The Employment Appeal Board concluded that (3) was a deceptive practice which further aggravated (1).

■ It is apparent these findings sound more in negligence than in intentional acts. This is particularly true of findings one and two. Our review of these deficiencies of performance shows these to be good faith errors in judgment that under the statute do not constitute "misconduct." *See* Iowa Code § 96.5(2)(a).

Richers faced several management problems of great magnitude. The fact that she did not recognize the trust deposit problems to be of greater importance to her employer than the computer breakdowns and loss of data base, does not prove misconduct. Her employer was quick to point out that there was no allegation that Richers mismanaged any funds for her own benefit.

■ The district court characterized the evidence relating to an attempt to cover up deficiencies as speculative at best. We agree. The responses to her superiors that they should not have to worry about her department appear to be general in nature. In any event, the record of alleged deceptive practices offered to prove misconduct add up to "some evidence" but certainly not "substantial evidence."

Our prior decisions have assessed the evidence necessary to meet the criterion of "substantial" in considering misconduct. In *Roberts*, we found no substantial evidence to uphold the appeal board's decision of "misconduct" based on excessive or unexcused absenteeism. *Roberts*, 356

N.W.2d at 222. Similarly, a lack of substantial evidence was found in *Miller v. Employment Appeal Board*, 423 N.W.2d 211, 214 (Iowa App.1988), to support the misconduct finding of the agency, which was based on poor performance of the employee. *Cf. White v. Employment Appeal Bd.*, 448 N.W.2d 691 (Iowa App.1988) (employee gave conflicting facts and misinformation to employer).

The district court properly weighed the evidence, applied the legal standards as heretofore delineated and found the proof to be wanting. The decision of the court of appeals is vacated; the district court judgment is affirmed. This case is remanded to the agency for the computation and payment of unemployment benefits. Costs are assessed to the agency.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.