Robert J. SELLERS, Appellant,

v.

EMPLOYMENT APPEAL BOARD
and Alpha Painting, Appellees.

No. 4–547.

Court of Appeals of Iowa.

March 30, 1995.

Dennis P. Marks of Legal Services Corp., Council Bluffs, for appellant.

William C. Whitten, Employment Appeal Bd., for appellees.

Considered by DONIELSON, C.J., and HAYDEN and HABHAB, JJ.

HAYDEN, Judge.

The petitioner, Robert Sellers, was employed as a seasonal painter for Alpha Painting from September 1991 until October 12, 1992. In the past, Sellers was verbally warned several times by the company's owner, Mr. Gilliland, his work performance must

improve. The employer claims Sellers understood if his work did not improve he would lose his job.

On October 12, 1992, Sellers and two other painters were assigned a painting job on which the priming and scraping had been completed. Gilliland stated it appeared the three painters only applied two gallons of paint when normally a single painter could paint an average of two or three gallons of paint in one day. Apparently only three-quarters of the house was painted. Sellers claimed he did not apply much paint because he had been busy scraping and priming wood. Sellers also claimed the weather conditions prevented the application of more paint. Sellers was discharged on October 13, 1992, for the failure to perform the job after being warned.

The Employment Appeal Board ultimately denied Sellers' claim for unemployment benefits on the basis his poor work performance after being verbally warned regarding it constituted misconduct disqualifying him from receiving unemployment benefits.

On August 5, 1993, Sellers filed a timely petition for judicial review asserting the Board's decision was not supported by substantial evidence and affected by an error of law.

On March 8, 1994, the district court entered a decision affirming the Board's decision. The court determined the decision was supported by substantial evidence and not affected by an error of law. Sellers appeals.

## I. Scope of Review.

■ The appeal is controlled by our scope of review. A court's review of agency action is severely circumscribed. *Burns v. Board of Nursing*, 495 N.W.2d 698, 699 (Iowa 1993). The administrative process presupposes judgment calls are to be left to the agency. *Id.* Nearly all disputes are won or lost there. *Id.* (citing *Leonard v. Iowa State Bd. of Educ.*, 471 N.W.2d 815, 815–16 (Iowa 1991)). Thus the court may reverse, modify, or grant other appropriate relief only if agency action is affected by error of law, is unsupported by substantial evidence, or is characterized by abuse of discretion. Iowa Code

§ 17A.19(8) (1993); *Burns*, 495 N.W.2d at 699.

## II. Substantial Evidence.

Iowa Code section 96.5(2) provides a claimant is disqualified for unemployment benefits "[i]f the division of job service finds that the individual has been discharged for misconduct in connection with the individual's employment." Iowa Administrative Code section 345–4.32(1)(a) defines misconduct:

Misconduct is defined as a deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

Our supreme court has repeatedly held this definition accurately reflects the intent of the legislature. *Reigelsberger v. Employment Appeal Bd.*, 500 N.W.2d 64, 66 (Iowa 1993) (citation omitted); *Kleidosty v. Employment Appeal Bd.*, 482 N.W.2d 416, 418 (Iowa 1992) (numerous citations omitted).

■ "Misconduct must be substantial in order to justify a denial of unemployment benefits. Misconduct serious enough to warrant the discharge of an employee is not necessarily serious enough to warrant a denial of benefits." *Breithaupt v. Employment Appeal Bd.*, 453 N.W.2d 532, 535 (Iowa App. 1990) (citations omitted). An employer has

the burden of proving a claimant is disqualified for benefits because of misconduct. *Sallis v. Employment Appeal Bd.*, 437 N.W.2d 895, 896 (Iowa 1989) (citations omitted).

■ Sellers argues there was not substantial evidence to support a finding his termination was a result of misconduct. We disagree.

■ Evidence is substantial if a reasonable person would find it adequate to reach the given conclusion, even if a reviewing court might draw a contrary inference. *Mercy Health Ctr. v. State Health Facilities Council*, 360 N.W.2d 808, 811–12 (Iowa 1985). In this case, there was evidence Sellers had a history of working slower than he was capable of doing. Sellers' performance would improve after receiving a verbal reprimand from his supervisor on several occasions. However, Sellers' work performance would slip after a short time. Additionally, there was evidence Sellers did not work as fully and completely as he was capable of doing on the day of his termination. On that day Sellers applied only one-fourth the amount of paint which should have been applied in a workday. We hold substantial evidence supported the agency's finding of misconduct. We affirm the district court on this issue.

### III. *Error of Law.*

Sellers also claims the decision of the Employment Appeal Board was affected by an error of law. He contends three past decisions establish the proposition without more evidence the fact an employer is dissatisfied with an employee's work does not amount to misconduct. *See Richers v. Iowa Dep't of Job Serv.*, 479 N.W.2d 308 (Iowa 1991); *Henry v. Iowa Dep't of Job Serv.*, 391 N.W.2d 731 (Iowa App.1986); *Kelly v. Iowa Dep't of Job Serv.*, 386 N.W.2d 552 (Iowa App.1986).

However, these decisions are distinguishable. In the cases cited by Sellers, there was no showing the claimants intentionally failed to perform work in a satisfactory manner. *Richers*, 479 N.W.2d at 312 ("Our review of these deficiencies of performance shows these to be good faith errors in judgment that under the statute do not constitute 'misconduct.'"); *Henry*, 391 N.W.2d at 737 ("there is no evidence that Henry's actions were motivated by anything other than a good faith misunderstanding"); *Kelly*, 386 N.W.2d at 555 ("There was no evidence presented of any statements or actions by Kelly which demonstrated a wrongful intent on his part."). In the case at bar, there was evidence Sellers was repeatedly warned about his job performance. After each warning, Sellers' work performance would at first improve and then slip after a short time. This is evidence Sellers intentionally did not work up to the standard of which he was capable. Intentional acts which result in work not being performed in a timely and efficient manner, and continue after repeated warnings by the employer, can constitute misconduct. *See* Iowa Admin.Code 345–4.32(1)(a) ("Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees").

The district court is also affirmed on this issue. Costs on appeal are taxed to Sellers.

**AFFIRMED.**