**IN THE COURT OF APPEALS OF IOWA**

No. 15-0378
Filed October 14, 2015


PREMIUM TRANSPORTATION STAFFING,
INC. and DALLAS NATIONAL INSURANCE CO.,
        Petitioners-Appellants,

vs.

ALAN BOWERS,
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.



        An employer and its insurer appeal from a district court ruling upholding

the workers' compensation commissioner's decision. **AFFIRMED.**



        Sasha L. Monthei of Scheldrup, Blades, Schrock, Smith, P.C., Cedar

Rapids, for appellants.

        Matthew D. Dake of Wertz & Dake, P.C., Cedar Rapids, for appellee.



        Considered by Doyle, P.J., and Mullins and Bower, JJ.

**DOYLE, Presiding Judge.**

Premium Transportation Staffing, Inc. (employer) and Dallas National Insurance Co. (insurer) appeal from an adverse ruling on their petition for judicial review of a final agency decision by the Iowa Workers' Compensation Commissioner that awarded permanent and total disability benefits to Alan Bowers. The appellants challenge the agency determinations (1) finding Bowers sustained a permanent injury; (2) finding Bowers is permanently and totally disabled; and (3) including a portion of Bowers's per diem payments in the calculation of the weekly benefit rate.

It must first be noted that our review of final agency action is "severely circumscribed." *See Greenwood Manor v. Iowa Dep't of Pub. Health*, 641 N.W.2d 823, 839 (Iowa 2002); *Sellers v. Emp't Appeal Bd.*, 531 N.W.2d 645, 646 (Iowa Ct. App. 1995). Nearly all disputes are won or lost at the agency level; the cardinal rule of administrative law is that judgment calls are within the province of the administrative tribunal, not the courts. *See id.*

In the realm of workers' compensation proceedings, it is the workers' compensation commissioner, not the court, who weighs the evidence and measures the credibility of witnesses. *See Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011). This includes the "determination of whether to accept or reject an expert opinion," as well as the weight to give the expert testimony. *Id.* Medical causation is a question of fact vested in the commissioner's discretion. *See id.* at 844. "Because these determinations remain within the agency's exclusive domain and the 'peculiar province' of the commissioner, we cannot reassess the weight of the evidence." *See id.*; *see*

*also Robbennolt v. Snap-On Tools Corp.*, 555 N.W.2d 229, 234 (Iowa 1996). In fact, "we are obliged to apply those findings broadly and liberally to uphold rather than defeat the commissioner's decision." *Pirelli-Armstrong Tire Co. v. Reynolds*, 562 N.W.2d 433, 436 (Iowa 1997) (citation and internal quotation marks omitted).

"We are bound by the commissioner's factual determinations if they are supported by substantial evidence in the record before the court when that record is viewed as a whole." *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (2014) (citation and internal quotation marks omitted). "Substantial evidence" is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1) (2013). When we conduct a substantial evidence review of an agency decision, it is not for us to make "a determination as to whether evidence 'trumps' other evidence or whether one piece of evidence is 'qualitatively weaker' than another piece of evidence." *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394 (Iowa 2007). "On appeal, our task 'is not to determine whether the evidence supports a different finding; rather, our task is to determine whether substantial evidence . . . supports the findings actually made.'" *House*, 843 N.W.2d at 889 (quoting *Pease*, 807 N.W.2d at 845).

In an arbitration decision, the deputy commissioner found Bowers carried his burden of proving he sustained a permanent injury to his low back as a result of a work injury in 2011 and that he was permanently and totally disabled. The deputy specifically gave greater weight to the opinions of Dr. Sedlacek, a treating

physician, and Dr. Mathew, an examining physician. The deputy concluded "the greater weight of the medical evidence indicates claimant's work injury of October 17, 2011, caused claimant's current low back and coccyx pain, and resulted in permanent impairment." Again, giving greater weight to the opinions of Drs. Sedlacek and Mathew, the deputy concluded the "[c]laimant's credible testimony also clearly demonstrates ongoing permanent disability."

The deputy noted that Bowers's testimony "that he spent only $12.00 per day for food and expenses and kept the remainder of the $52.00 per diem as compensation is uncontroverted in the record." The deputy concluded Bowers showed by a preponderance of the evidence that only a portion of his per diem was reimbursement for expenses, and that the appellants did not carry their burden of proof to show otherwise. Finding that $12.00 of Bowers's per diem payment was an expense allowance under Iowa Code section 85.61(3), the deputy commissioner included the remaining $40.00 of the per diem payment in calculating the weekly rate. On intra-agency appeal, the commissioner adopted and affirmed the arbitration decision without additional comment.

The appellants filed a petition for judicial review. They asserted the commissioner's findings with respect to whether or not Bowers sustained a permanent injury to his low back, whether Bowers was permanently and totally disabled, and whether the per diem payment should have been included in Bowers's weekly benefit rate were not supported by substantial evidence in the record and involved an application of law to fact that was irrational, illogical, or wholly unjustifiable. The district court affirmed the commissioner's decision. Appellants now appeal.

On appeal, the employer and its insurer raise the same arguments to us as proffered to the district court. We have carefully reviewed the record, the briefs of the parties, and the district court's thorough and well-reasoned ruling. The district court's ruling identifies and considers all the issues presented. In applying the above standard-of-review precepts, and in giving the due deference we are statutorily obligated to afford the commissioner's findings of fact, we approve of the reasons and conclusions in the district court's ruling. Further discussion of the issues would be of no value. *See* Iowa Ct. R. 21.26(1)(b), (d), and (e). Accordingly, we affirm the district court's decision affirming the Iowa Workers' Compensation Commissioner's decision.

**AFFIRMED.**