# IN THE COURT OF APPEALS OF IOWA

No. 14-1570
Filed October 28, 2015

**PETER V. PAYLOR,**
Petitioner-Appellant,

**vs.**

**DEE ZEE INCORPORATED and**
**TRAVELERS INDEMNITY COMPANY**
**OF CT.,**
Respondents-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Arthur Gamble,

Judge.


Employee appeals from the ruling on petition for judicial review of agency

action. **AFFIRMED.**


Ryan T. Beattie of Beattie Law Firm, P.C., Des Moines, for appellant.

James M. Ballard of Ballard Law Firm, P.L.L.C., Waukee, for appellees.


Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

This is an administrative appeal challenging a decision of the Iowa Workers' Compensation Commissioner. On November 10, 2010, Peter Paylor suffered a work related injury to his lower back for which he sought medical care on November 12, 2010. Paylor's employer, Dee Zee Incorporated, stipulated the injury caused temporary disability. Paylor underwent back surgery in April 2011. He claimed the surgery was causally related to the work injury and filed a claim for permanent disability benefits. The employer denied causation and denied Paylor sustained a permanent disability related to his work injury. The deputy commissioner found Paylor did not prove the April 2011 surgery and subsequent treatment were related to his work injury. The commissioner affirmed the decision. The district court affirmed the agency's action.

"The appeal is controlled by our scope of review. A court's review of agency action is severely circumscribed." *Sellers v. Emp't Appeal Bd.*, 531 N.W.2d 645, 646 (Iowa Ct. App. 1995). "On appeal, we apply the standards of [Iowa Code] chapter 17A to determine whether we reach the same conclusions as the district court. If we reach the same conclusions, we affirm; otherwise we may reverse." *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 888 (Iowa 2014). "The administrative process presupposes judgment calls are to be left to the agency. Nearly all disputes are won or lost there." *Sellers*, 531 N.W.2d at 646 (citation omitted).

On appeal, Paylor contends the agency's finding that his surgery and subsequent treatment were unrelated to his work injury is not supported by

substantial evidence. He contends, for the same reason, the agency's decision is irrational, illogical, and wholly unjustifiable. "'Substantial evidence' means the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1) (2011). On substantial-evidence review, we do not reassess the evidence or make our own determination of the weight to be given to various pieces of evidence. *See Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 849 (Iowa 2011). Instead, the agency's findings are broadly construed to uphold the decision made. *See Schutjer v. Algona Manor Care Ctr.*, 780 N.W.2d 549, 558 (Iowa 2010).

We conclude the agency's decision is supported by substantial evidence and is not irrational, illogical, or wholly unjustifiable. In reaching its decision, the agency carefully assessed the medical evidence as reflected in Paylor's medical records and the opinions of different physicians, including Drs. Twyner, Igram, Munhall, Nelson, Neff, McGuire, Bansal, Jones, and Neiman. The agency credited some of the medical professionals' opinions over others based on their respective training, experience, and area of practice and based on whether the opinions jibed with Paylor's symptoms. The agency further took into account the quality of the opinion based on the medical history, or lack thereof, Paylor provided to the respective medical professional. *See Cedar Rapids Cmty Sch. Dist.,* 807 N.W.2d at 845 ("Also, an expert's opinion is not necessarily binding upon the commissioner if the opinion is based on an incomplete history.")

"Medical causation presents a question of fact that is vested in the discretion of the workers' compensation commission." *Id.* at 844. While there may be evidence in the record contrary to the agency's findings and conclusions, "[e]vidence is not insubstantial merely because it would have supported contrary inferences." *Wal-Mart Stores, Inc. v. Caselman*, 657 N.W.2d 493, 499 (Iowa 2003). The question is not whether the evidence would support a different finding, the question is whether the evidence supports the finding actually made. *See Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 850 (Iowa 2009). There is substantial evidence supporting the findings actually made, and the agency's decision was not irrational, illogical, or wholly unjustifiable. Accordingly, we affirm the district court's decision on judicial review.

**AFFIRMED.**