# IN THE COURT OF APPEALS OF IOWA

No. 15-0223
Filed November 12, 2015

**ROXANNE HARRISON,**
      Petitioner-Appellant,

**vs.**

**GREENFIELD MANOR, INC., FIRST
COMP INSURANCE COMPANY,**
      Respondents-Appellees.
_____

      Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,

Judge.


      Claimant appeals from the order affirming the decision of the Iowa

Workers' Compensation Commissioner. **AFFIRMED.**


      Ryan T. Beattie of Beattie Law Firm, P.C., Des Moines, for appellant.

      Sasha L. Monthei of Sheldrup Blades, Cedar Rapids, for appellees.


      Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

The claimant Roxanne Harrison challenges the decision of the Iowa Workers' Compensation Commissioner. On April 6, 2009, Harrison was injured when she slipped on a patch of ice in the parking lot of her employer Greenfield Manor. On January 18, 2011, Harrison claimed she was injured while working at a subsequent employer, West Bridge Care and Rehabilitation. She filed workers' compensation claims related to both injuries, and the claims were consolidated for hearing. Initially, the agency determined Harrison had not suffered an industrial disability. Harrison sought judicial review of that determination. The district court remanded the matter because the parties had stipulated the 2009 injury resulted in a permanent injury and the commissioner should have thus determined industrial disability and permanency benefits. On remand, the agency found the claimant suffered a five percent industrial disability and was entitled to twenty-five weeks of permanency benefits. The district court affirmed the agency's decision, and Harrison timely filed this appeal.

On appeal, Harrison appears to contend the agency's decision is not supported by substantial evidence and, for the same reason, is irrational, illogical, or wholly unjustifiable. "On appeal, we apply the standards of [Iowa Code] chapter 17A [(2013)] to determine whether we reach the same conclusions as the district court. If we reach the same conclusions, we affirm; otherwise we may reverse." *See Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014). "The administrative process presupposes judgment calls are to be left to

the agency. Nearly all disputes are won or lost there." *Sellers v. Emp't Appeal Bd.*, 531 N.W.2d 645, 646 (Iowa Ct. App. 1995) (citation omitted).

The legislature has "vested the commissioner with the discretion to make factual determinations." *Mike Brooks, Inc,* 843 N.W.2d at 889. Our court is bound by these factual determinations "if they are supported by 'substantial evidence in the record before the court when the record is viewed as a whole.'" *Id.* (citations omitted). Substantial evidence is defined as "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1). "Evidence is not insubstantial merely because different conclusions may be drawn from the evidence." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011) (citations omitted). Our court may consider evidence as substantial even if we may have found a different conclusion than the fact finder. *See id.* at 845.

An industrial disability determination presents a mixed question of law and fact. *See Larson Mfg. Co., Inc. v. Thorson*, 763 N.W.2d 842, 856 (Iowa 2009). "The commissioner has a duty to state the evidence relied upon and detail the reasons for any conclusions." *Myers v. F.C.A. Servs., Inc.*, 592 N.W.2d 354, 356 (Iowa 1999). "[W]e may reverse the Commissioner's application of the law to the facts only if it is irrational, illogical, or wholly unjustifiable." *Lakeside Casino v. Blue*, 743 N.W.2d 169, 173 (Iowa 2007) (citation omitted) (internal quotation marks omitted).

"Industrial disability . . . measures the extent to which the injury impairs the employee in the ability to earn wages." *Bearce v. FMC Corp.*, 465 N.W.2d 531, 535 (Iowa 1991). The focus of an industrial disability is "on the ability of the worker to be gainfully employed," not on "what the worker can or cannot do." *Second Injury Fund of Iowa v. Nelson*, 544 N.W.2d 258, 266 (Iowa 1995). In this case, the agency considered all of the relevant factors in making its industrial disability determination. The commissioner found Harrison is deconditioned and obese. Nonetheless, the commissioner found Harrison has the capacity to work. She currently babysits a child. She has no work restrictions. The commissioner further found and concluded:

> As noted by Dr. Boarini and others, claimant suffered an extremely minor injury and there is no physical abnormality resulting from her stipulated injury other than myofascial pain. Such pain may result in a small hindrance to claimant, but it cannot reasonably be found on remand that her pain complaints have resulted in a significantly adverse impact on claimant's ability to compete for employment in the competitive labor market.

The commissioner's determination was supported by the opinion of two independent physicians. While there may be evidence in the record contrary to the agency's findings and conclusions, "evidence is not insubstantial merely because it would have supported contrary inferences." *Wal-Mart Stores, Inc. v. Caselman*, 657 N.W.2d 493, 499 (Iowa 2003). "On appeal, our task 'is not to determine whether the evidence supports a different finding; rather, our task is to determine whether substantial evidence . . . supports the findings actually made.'" *Mike Brooks, Inc.*, 843 N.W.2d at 889 (quoting *Cedar Rapids Cmty. Sch. Dist.*, 807 N.W.2d at 845).

We reject the claimant's argument that the employer is judicially estopped from denying the scope and extent of the claimant's injury or disability because its stipulation as to causation in alternate care proceedings. The doctrine is simply inapplicable here. *See NID, Inc. v. Monahan*, No. 14-0292, 2015 WL 1332332, at *4 (Iowa Ct. App. Mar. 25, 2015) ("An employer may properly admit to an injury arising out of and in the course of employment while still contesting liability for all of the consequences and any disability claimed to result from such injury.").

We conclude the agency's decision is supported by substantial evidence and is not irrational, illogical, or wholly unjustifiable. Accordingly, we affirm the district court's decision on judicial review.

**AFFIRMED.**