**IN THE COURT OF APPEALS OF IOWA**

No. 15-0922
Filed May 11, 2016

**MCCOMAS-LACINA CONSTRUCTION and UNITED WISCONSIN INSURANCE CO. d/b/a UNITED HEARTLAND,**
        Petitioners-Appellants,

**vs.**

**STEPHEN DRAKE,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Jeanie Kunkle Vaudt,

Judge.


        Employer and insurance carrier appeal from the order affirming the

decision of the Iowa Workers' Compensation Commissioner. **AFFIRMED.**



        Nathan R. McConkey of Huber, Book, Lanz & McConkey, P.L.L.C., West

Des Moines, for appellants.

        Thomas M. Wertz and Daniel J. Anderson of Wertz & Dake, P.C., Cedar

Rapids, for appellee.



        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

McComas-Lacina Construction appeals from the district court's ruling on its petition for judicial review. The district court affirmed a workers' compensation award in favor of Stephen Drake. McComas-Lacina argues the agency's decision "that Mr. Drake was credible and entitled to substantial disability in relation to his first two dates of injury and permanent total disability concerning his last date of injury was an abuse of discretion, irrational, illogical, unreasonable, unjustifiable, arbitrary and capricious, an error of law and not supported by substantial evidence."

On appeal, we apply the standards set forth in the Iowa Administrative Procedure Act, Iowa Code chapter 17A (2013), to determine whether we reach the same conclusions as the district court. "If we reach the same conclusions, we affirm; otherwise we may reverse." *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014).

The legislature has "vested the commissioner with the discretion to make factual determinations." *Id.* Our court is bound by these factual determinations "if they are supported by substantial evidence in the record before the court when the record is viewed as a whole." *Id.* Substantial evidence is defined as "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1). "Evidence is not insubstantial merely because different conclusions may be drawn from the evidence." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa

2011) (citations omitted). Our court may consider evidence as substantial even if we may have found a different conclusion than the fact finder. *See id.*

An industrial disability determination presents a mixed question of law and fact. *See Larson Mfg. Co., Inc. v. Thorson*, 763 N.W.2d 842, 856 (Iowa 2009). "The commissioner has a duty to state the evidence relied upon and detail the reasons for any conclusions." *Myers v. F.C.A. Servs., Inc.*, 592 N.W.2d 354, 356 (Iowa 1999). "[W]e may reverse the Commissioner's application of the law to the facts only if it is irrational, illogical, or wholly unjustifiable." *Lakeside Casino v. Blue*, 743 N.W.2d 169, 173 (Iowa 2007) (citation omitted).

We begin and end our analysis with the following observation: "The administrative process presupposes judgment calls are to be left to the agency. Nearly all disputes are won or lost there." *Sellers v. Emp't Appeal Bd.*, 531 N.W.2d 645, 646 (Iowa Ct. App. 1995) (citations omitted). A case reversing final agency action on the ground the agency's action is unsupported by substantial evidence or is irrational, illogical, or wholly unjustifiable is the Bigfoot of the legal community—an urban legend, rumored to exist but never confirmed. Here, the employer had a full and fair opportunity to present its evidence and argument to the deputy commissioner and the commissioner without success. The employer challenged the agency's findings, conclusions, and application of the facts to the law in the district court without success. Like the district court, we have carefully examined the grainy eight millimeter film of the administrative record. We can add little to the thorough and well-reasoned ruling of the district court, and we will not reiterate the same analysis here. We conclude the agency's findings are supported by substantial evidence, and its decision is not irrational, illogical,

unreasonable, unjustifiable, arbitrary and capricious, or legally erroneous. The search for Bigfoot continues. The judgment of the district court is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (d), and (e).

**AFFIRMED.**