**IN THE COURT OF APPEALS OF IOWA**

No. 15-0840
Filed May 25, 2016


**JBS SWIFT & COMPANY, and AMERICAN ZURICH INSURANCE COMPANY,**
        Petitioners-Appellants,

**vs.**

**ROSALVA OCHOA,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson,

Judge.


        Employer and insurance carrier appeal from the order affirming the

decision of the Iowa Workers' Compensation Commissioner.  **AFFIRMED.**




        Mark A. King and James R. Colwell of Patterson Law Firm, L.L.P., Des

Moines, for appellants.

        James C. Byrne of Neifert, Byrne & Ozga, P.C., West Des Moines, for

appellee.




        Heard by Potterfield, P.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

JBS Swift & Company and American Zurich Insurance Company (hereinafter, collectively "employer") appeal from the district court's ruling on its petition for judicial review. The district court affirmed a workers' compensation award in favor of claimant Rosalva Ochoa. On appeal, we apply the standards set forth in the Iowa Administrative Procedure Act, Iowa Code chapter 17A (2015), to determine whether we reach the same conclusions as the district court. "If we reach the same conclusions, we affirm; otherwise we may reverse." *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014).

Ochoa commenced employment with JBS Swift in 2001. She assembled boxes, packed them with meat, and carried them to a conveyor belt. The boxes typically weighed fifty pounds or more, and it was common for Ochoa to process 700 to 1000 boxes per day. In February 2011, Ochoa started experiencing pain in her left groin. Ochoa reported this to her supervisor; however, her supervisor did not move her from the position or refer Ochoa to the nurse's station. Ochoa sought out her personal physician, Dr. Jerry Wille, and had a surgical consultation with Dr. Stephen Van Buren. Dr. Van Buren assessed Ochoa with a symptomatic left inguinal hernia and recommended surgery, which Dr. Van Buren performed in March 2011. In May 2011, Ochoa was released to work with restrictions. Ochoa returned to the same position, which required work beyond her restrictions. She started to compensate for pain by using her right arm more. On November 29, 2011, Ochoa was diagnosed with cervical dorsal somatic dysfunction. On December 15, 2011, Dr. Wille noted Ochoa had a hernia and took Ochoa off of work until December 21, 2011, and then through January 10,

2012. In December 2011 and January 2012, Ochoa treated with Dr. Wille. Dr. Wille opined Ochoa suffered from cervical radiculopathy and right rotator cuff tendinitis. In January JBS Swift terminated Ochoa's employment for absenteeism. Her last day of work was December 15, 2011.

Ochoa filed two arbitration petitions seeking workers' compensation benefits. The first petition alleged a hernia injury sustained on February 24, 2011. The second petition alleged a cumulative right shoulder injury sustained December 15, 2011. The deputy found the claimant sustained two injuries. With respect to the first, the deputy found Ochoa suffered a seventy percent industrial disability. With respect to the second, the deputy found Ochoa was permanently and totally disabled. The deputy structured the awards to prevent Ochoa from receiving concurrent benefits, which would result in a double recovery: permanent partial disability benefits were awarded for the period June 14, 2011 to December 15, 2011; and total disability benefits were awarded for the period December 15, 2011, for so long as the claimant remained permanently and totally disabled. The commissioner affirmed the award except that the commissioner concluded that there was nothing preventing Ochoa from receiving concurrent permanent partial disability benefits and permanent total disability benefits. Under the commissioner's award, Ochoa would receive both benefits for an overlapping period of approximately 323 weeks.

The employer first challenges the industrial disability award for the first injury. The legislature has "vested the commissioner with the discretion to make factual determinations." *Id.* Our court is bound by these factual determinations "if they are supported by substantial evidence in the record before the court when

that record is viewed as a whole." *Id.* Substantial evidence is defined as "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1). "Evidence is not insubstantial merely because different conclusions may be drawn from the evidence." *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011) (citations omitted). Our court may consider evidence as substantial even if we may have found a different conclusion than the fact finder. *See id.* An industrial disability determination presents a mixed question of law and fact. *See Larson Mfg. Co., Inc. v. Thorson*, 763 N.W.2d 842, 856 (Iowa 2009). "The commissioner has a duty to state the evidence relied upon and detail the reasons for any conclusions." *Myers v. F.C.A. Servs., Inc.*, 592 N.W.2d 354, 356 (Iowa 1999). "[W]e may reverse the Commissioner's application of the law to the facts only if it is irrational, illogical, or wholly unjustifiable." *Lakeside Casino v. Blue*, 743 N.W.2d 169, 173 (Iowa 2007) (citation omitted).

"The administrative process presupposes judgment calls are to be left to the agency. Nearly all disputes are won or lost there." *Sellers v. Emp't Appeal Bd.*, 531 N.W.2d 645, 646 (Iowa Ct. App. 1995) (citations omitted). The agency's findings relating to the industrial disability award are supported by substantial evidence. Specifically, the injury, causation, and the extent of the injury are supported by the medical records. The industrial disability determination is not irrational, illogical, or wholly unjustifiable. Ochoa is forty-three years old. She was born in Mexico. She has a sixth-grade education. She does not read or

write English. Her work history consists of unskilled physical labor. Her employment prospects outside physical labor are limited. The medical evidence supports the agency's determination that the hernia injury in February 2011, and resulting physical limitations substantially limited Ochoa's earning capacity.

The employer requests this court reevaluate Ochoa's permanent total disability award if we conclude there is not substantial evidence to support Ochoa's permanent partial disability award. Because we affirm the agency in this respect, we do not reevaluate Ochoa's permanent total disability award.

The employer next argues that the award of concurrent permanent partial disability benefits and permanent total disability benefits is a double recovery prohibited by Iowa Code section 85.34(3)(b). The employer relies on the plain language of the statute and several compelling public policy arguments in favor of the conclusion that a claimant should not be able to receive both benefits at the same time. The employer's argument fails for two reasons. First, the supreme court has considered the issue and explicitly allowed concurrent permanent partial and permanent total disability awards for successive injuries sustained with the same employer. *See Drake Univ. v. Davis*, 769 N.W.2d 176, 180-81, 185 (Iowa 2009). "We are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). Second, the employer has not preserved error. "We have held a party preserves error on an issue before an agency if a party raises the issue in the agency proceeding before the agency issues a final decision and both sides have had an opportunity to address the issue." *Staff Mgmt. v. Jimenez*, 839 N.W.2d 640, 647 (Iowa 2013). Here, the employer never presented its argument regarding Iowa

Code section 85.34(3)(b) to the agency. The first time the issue was raised was in the district court. *See Interstate Power Co. v. Iowa State Commerce Comm'n*, 463 N.W.2d 699, 701 (Iowa 1990) ("It is true that we have consistently held that a party is precluded from raising issues in the district court that were not raised and litigated before the agency."). Error has not been preserved.

**AFFIRMED.**