**IN THE COURT OF APPEALS OF IOWA**

No. 15-1573
Filed June 15, 2016

**POLARIS INDUSTRIES, INC.,**
        Plaintiff-Appellant,

**vs.**

**TERESE MCCORMICK,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        An employer appeals the court's order affirming the decision of the Iowa

Workers' Compensation Commissioner.  **AFFIRMED.**



        D. Brian Scieszinski of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des

Moines, for appellant.

        Harry W. Dahl of Harry W. Dahl, P.C., Des Moines, and E.W. Wilcke,

Spirit Lake, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Polaris Industries, Inc. appeals the ruling on its petition for judicial review. The district court affirmed the decision of the workers' compensation commissioner finding employee Terese McCormick suffered an eight-percent permanent impairment and assigning her a rating of twenty-percent industrial disability as a result of a 2009 workplace injury to her right shoulder and elbow.[1] Finding sufficient evidence to support the compensation award, we affirm.

On appeal, Polaris focuses on this passage from the deputy commissioner's arbitration decision (which was adopted by the commissioner):

> Claimant was 54 years old at the time of hearing. She has a GED. Claimant has worked as a waitress, a retail clerk, at a bakery, and in a manufacturing plant. She has also worked for a cleaning service.
> In a March of 2012 report, Dr. Hines found claimant had an 8 percent permanent impairment from her injuries. . . . It is found claimant has an 8 percent permanent impairment. *Claimant has permanent restrictions for her job.* She uses a TENS unit. She continues to work at Polaris. Claimant's unrebutted testimony is that she is unable to work at any of her prior jobs given limitations to her right upper extremity. When all relevant factors are considered, it is found claimant has a 20 percent loss of earning capacity or industrial disability.

(Emphasis added.)

Polaris argues the italicized finding was not supported by substantial evidence under Iowa Code section 17A.19(10)(f) (2015) because no medical provider placed McCormick on permanent work restrictions. The district court analyzed the employer's claim as follows:

> The court can see how one might reasonably interpret the commissioner's statement as referring to a physician-prescribed

---

[1] The record shows McCormick underwent multiple surgeries on her shoulder and wrist between October 2009 and the November 2013 agency hearing.

work restriction. However, the court broadly and liberally applies the agency's findings to uphold rather than defeat the decision. *See Ward v. Iowa Dep't of Transp.*, 304 N.W.2d 236, 237 (Iowa 1981). When viewed in its larger context, the court believes that the statement is not in reference to a physician-prescribed work restriction, but applies to McCormick's overall capacity to engage in certain work functions.

Like the district court, we are unpersuaded by Polaris's attack on the commissioner's fact finding. The legislature has "vested the commissioner with the discretion to make factual determinations." *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014). We are bound by the agency's factual determinations "if they are supported by substantial evidence in the record before the court when the record is viewed as a whole." *Id.* Substantial evidence is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1). Evidence is not insubstantial just because our court would have drawn a different conclusion. *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011).

An employee who suffers permanent disability is due compensation. Iowa Code § 85.34. The amount of compensation for an unscheduled injury resulting in permanent partial disability is determined from the employee's earning capacity. *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 526 (Iowa 2012). Industrial disability determinations present a mixed question of law and fact. *Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 856 (Iowa 2009). We only reverse the agency's application of law to the facts if it is irrational, illogical, or wholly unjustifiable. *Lakeside Casino v. Blue*, 743 N.W.2d 169, 173 (Iowa 2007).

"The administrative process presupposes judgment calls are to be left to the agency. Nearly all disputes are won or lost there." *Sellers v. Emp't Appeal Bd.*, 531 N.W.2d 645, 646 (Iowa Ct. App. 1995) (citations omitted); *see McComas-Lacina Constr. v. Drake*, No. 15-0922, 2016 WL 2744948, at *1 (Iowa Ct. App. May 11, 2016) (comparing appeal seeking reversal of agency action on substantial evidence grounds to hunting for "Bigfoot").

While Dr. Hines did not place McCormick on formal work restrictions, he did advise her to limit her physical activities. His report strongly recommended she not engage in the following:

> [L]ifting above shoulder height, repetitive abduction or lifting of the arm at the shoulder and repetitive flexion and extension at the wrist, but perhaps somewhat more importantly rotation across the elbow and wrist, as well as repetitive hyperextension or grip activity on the right. She should be careful to avoid exposures to extreme temperature and/or vibration.

The commissioner also noted McCormick's "unrebutted testimony is that she is unable to work at any of her prior jobs given limitations to her right upper extremity." Viewing the record as a whole, we conclude the commissioner's finding of permanent impairment is supported by substantial evidence.

Polaris also argues McCormick failed to prove she sustained an industrial disability because she has returned to full-time employment and is "earning more today than she did at the time of her alleged injury." McCormick responds that because of her work injury she is on light duty and is unable to return to her prior positions or seek better-paying positions.

Industrial disability focuses on the worker's ability to be employed, not on what the worker can or cannot do. *Second Injury Fund v. Nelson*, 544 N.W.2d

258, 266 (Iowa 1995). In assigning an industrial disability of twenty percent, the commissioner properly considered McCormick's functional impairment, age, education, intelligence, work experience, qualifications, ability to engage in similar employment, and adaptability to retraining. *See Keystone Nursing Care Ctr. v. Craddock*, 705 N.W.2d 299, 306 (Iowa 2005). McCormick is not required to prove an actual reduction in earnings to establish a loss of earning capacity. *See Larson Mfg. Co.*, 763 N.W.2d at 856–57. The commissioner's finding of twenty percent industrial disability is supported by substantial evidence.

The judgment of the district court is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (d), and (e).

**AFFIRMED.**