# IN THE COURT OF APPEALS OF IOWA

No. 16-0660
Filed February 8, 2017

**MONSANTO, Employer, and INDEMNITY INSURANCE CO.**
**OF N. AMERICA, Insurance Carrier,**
    Petitioners-Appellants,

**vs.**

**MARIA DELGADO,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

An employer appeals from the ruling on petition for judicial review of agency action. **AFFIRMED.**

Caroline M. Westerhold and Michael D. Sands of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., Lincoln, Nebraska, for appellants.

Eric J. Loney of Loney & Schueller, L.L.C., West Des Moines, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

This is an administrative appeal challenging a decision of the Iowa Workers' Compensation Commissioner. In September 2012, Maria Delgado suffered a work-related injury. Delgado recalled reporting pain to her left wrist, arm, shoulder, and neck. She returned to work on the day of the injury but later sought medical care. Delgado's employer, Monsanto, stipulated the injury to her wrist and arm caused temporary disability, but the employer denied she suffered a work-related injury to her shoulder and neck. The deputy commissioner found Delgado proved her left wrist, arm, shoulder, and neck complaints were causally connected to her work injury, and the employer was liable for the independent medical examination and Delgado's prior medical expenses in treating her injury. Furthermore, because Delgado was in need of further care for her conditions, the deputy concluded Delgado was not at maximum medical improvement and was entitled to a running healing period award commencing September 12, 2013, and continuing until the appropriate requirements for termination were met. The commissioner affirmed the decision. The district court affirmed the agency's action.

"The appeal is controlled by our scope of review. A court's review of agency action is severely circumscribed." *Sellers v. Emp't Appeal Bd.*, 531 N.W.2d 645, 646 (Iowa Ct. App. 1995). "On appeal, we apply the standards of [Iowa Code] chapter 17A [(2013)] to determine whether we reach the same conclusions as the district court. If we reach the same conclusions, we affirm; otherwise we may reverse." *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 888 (Iowa 2014). "The administrative process presupposes judgment calls are to be

left to the agency.  Nearly all disputes are won or lost there." *Sellers*, 531 N.W.2d at 646 (citation omitted).

On appeal, the employer claims substantial evidence does not support the agency's findings that Delgado suffered a work-related injury to her left shoulder and neck, Delgado had not reached maximum medical improvement (MMI), and Delgado was entitled to reimbursement for past and future medical expenses. The employer contends, for the same reason, the agency's decision is irrational, illogical, and wholly unjustifiable.[1]  "'Substantial evidence' means the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance."  Iowa Code § 17A.19(10)(f)(1).  On substantial-evidence review, we do not reassess the evidence or make our own determination of the weight to be given to various pieces of evidence.  *See Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 849 (Iowa 2011).  Instead, the agency's findings are broadly construed to uphold the decision made.  *See Schutjer v. Algona Manor Care Ctr.*, 780 N.W.2d 549, 558 (Iowa 2010).

In reaching its decision, the agency carefully assessed the medical evidence as reflected in Delgado's medical records and the opinions of different

---

[1] The employer also challenges the deputy commissioner's denial of its motion to continue filed shortly before hearing upon its discovery that Delgado had received chiropractic treatment.  Relevant to this claim, we observe the deputy commissioner left the record open for sixty days after the hearing to allow the employer additional time to submit additional evidence, which it did.  The commissioner determined no prejudice was caused to the employer by the deputy's denial of the motion to continue; the district court agreed.  We find no abuse of discretion in the agency's ruling and affirm on this issue.  *See Madison Silos, Div. of Martin Marietta Corp. v. Wassom*, 215 N.W.2d 494, 499 (Iowa 1974) (setting forth standard of review in court's ruling on a motion for continuance); *Ragan v. Petersen*, 569 N.W.2d 390, 393 (Iowa Ct. App. 1997) (same).

physicians, including Drs. Tijmes, Ronan, Wilkinson, and Stoken. The agency credited some of the medical opinions over others based on consistent medical records showing pain in Delgado's shoulder and neck throughout her treatment and based on whether the opinions were supported or corroborated by Delgado's testimony—which the agency found to be credible—regarding her symptoms.

"Medical causation presents a question of fact that is vested in the discretion of the workers' compensation commission." *Pease*, 807 N.W.2d at 844. While there may be evidence in the record contrary to the agency's findings and conclusions, "[e]vidence is not insubstantial merely because it would have supported contrary inferences." *Wal-Mart Stores, Inc. v. Caselman*, 657 N.W.2d 493, 499 (Iowa 2003). The question is not whether the evidence would support a different finding, the question is whether the evidence supports the finding actually made. *See Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 850 (Iowa 2009). We conclude the agency's decision is supported by substantial evidence and is not irrational, illogical, or wholly unjustifiable. Accordingly, we affirm the district court's decision on judicial review.

**AFFIRMED.**