# IN THE COURT OF APPEALS OF IOWA

No. 21-1446
Filed March 30, 2022


**EARLING GRAIN AND FEED and FIREMENS INSURANCE CO. OF WASHINGTON DC,**
        Petitioners-Appellants,

**vs.**

**RICKY MARTIN,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.


        An employer and its insurer appeal from a district court ruling upholding the

workers' compensation commissioner's decision.  **AFFIRMED.**



        D. Brian Scieszinski of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des

Moines, for appellants.

        Corey J.L. Walker of Walker, Billingsley & Bair, Newton, for appellee.



        Considered by Schumacher, P.J., Ahlers, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**DOYLE, Senior Judge.**

Earling Grain and Feed and Firemens Insurance Company of Washington DC appeal from an adverse ruling by the district court on their petition for judicial review of the Iowa Workers' Compensation Commissioner's decision awarding Ricky Martin permanent total disability benefits. They contend the commissioner erred by finding Martin sustained a permanent total disability, arguing Martin has not reached maximum medical improvement (MMI). They also challenge the finding that Martin's injuries are causally related to a work-related accident.

To begin, we note that our review of final agency action is "severely circumscribed." *Sellers v. Emp. Appeal Bd.*, 531 N.W.2d 645, 646 (Iowa Ct. App. 1995). Nearly all disputes are won or lost at the agency level; the cardinal rule of administrative law is that judgment calls are within the province of the administrative tribunal, not the courts. *See id.*

In the realm of workers' compensation proceedings, it is the job of the workers' compensation commissioner—not the court—to weigh the evidence and measure the credibility of witnesses. *See Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011). This includes questions of whether to accept expert opinions and the amount of weight to accord them. *See id.* Medical causation is a question of fact vested in the commissioner's discretion. *See id.* at 844. Because these determinations remain within the agency's exclusive domain and the "peculiar province" of the commissioner, we cannot reassess the weight of the evidence. *See id.*; *see also Robbennolt v. Snap–On Tools Corp.*, 555 N.W.2d 229, 234 (Iowa 1996). In fact, "we are obliged to broadly and liberally apply those findings to uphold rather than defeat the commissioner's decision."

*Pirelli–Armstrong Tire Co. v. Reynolds*, 562 N.W.2d 433, 436 (Iowa 1997) (citation and internal quotation marks omitted).

The agency's fact findings are binding on us "if they are supported by substantial evidence in the record before the court when that record is viewed as a whole." *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (2014) (internal quotation marks and citation omitted). "Substantial evidence" is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1) (2021). We do not determine "whether evidence 'trumps' other evidence or whether one piece of evidence is 'qualitatively weaker' than another piece of evidence." *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394 (Iowa 2007). Nor do we determine whether the evidence could support a different finding. *See House*, 843 N.W.2d at 889. Instead, the only question is whether substantial evidence supports the findings the agency made. *See id.* If we, like the district court, conclude the commissioner's findings are supported by substantial evidence, we affirm. *See Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 518 (Iowa 2012).

As the parties challenging the agency action, the appellants bear the burden of proof. *See Good v. Iowa Dep't of Hum. Servs.*, 924 N.W.2d 853, 860 (Iowa 2019). And it is a high burden. *See McComas-Lacina Constr. v. Drake*, No. 15-0922, 2016 WL 2744948, at *1 (Iowa Ct. App. May 11, 2016) ("A case reversing final agency action on the ground the agency's action is unsupported by substantial evidence . . . is the Bigfoot of the legal community—an urban legend, rumored to

exist but never confirmed."). The appellants repeat the same arguments raised before and rejected by both the agency and district court. On the issue of MMI, the appellants emphasize the testimony of one expert who opined Martin's condition might improve with further treatment.[1] But, as the district court noted, the commissioner gave greater weight to the expert who opined Martin reached MMI in August 2019. And on the causality issue, the appellants highlight all possible inconsistencies in Martin's medical complaints. But the district court again noted the commissioner assigned greater credibility to the medical experts who found a causal connection between Martin's injuries and the work-related incident.

In applying the above standard-of-review precepts, and in giving the due deference we are statutorily obligated to afford the commissioner's findings of fact, we approve of the reasons and conclusions in the district court's ruling. Further discussion of the issues would be of no value. *See* Iowa Ct. R. 21.26(1)(b), (d), and (e). For these reasons, we affirm the district court's decision affirming the Iowa Workers' Compensation Commissioner's decision.

**AFFIRMED.**

---

[1] The district court highlighted that testimony, which is speculative and concludes with the expert stating that additional treatment "[m]ight improve [Martin's] pain" but "[w]on't improve the other aspects of his condition."